DOUGLAS N. MASTERS (*pro hac vice* pending)
dmasters@loeb.com
LOEB & LOEB LLP
321 N. Clark St., Suite 2300
Chicago, IL  60654
Telephone:   312.464.3100
Facsimile:   312.464.3111

KYLE R. PETERSEN (SBN 307483)
kpetersen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:   310.282.2000
Facsimile:   310.282.2200

Attorneys for Plaintiff
WM. WRIGLEY JR. COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation,<br><br>          Plaintiff,<br><br>          v.<br><br>ROBERTO CONDE d/b/a 2020EDIBLEZ, an individual; JOEL LEDESMA d/b/a INLAND EMPIRE 420 SUPPLY, an individual; JESSICA MOHR, an individual; STEVEN MATTA d/b/a OC 420 COLLECTION, an individual; DOE 1 d/b/a GASBUDS; DOE 2 d/b/a CANNABIS 420 SUPPLY; and DOES 3 through 10,<br><br>          Defendants. | Case No.: 5:21-cv-777<br><br>**COMPLAINT FOR:**<br><br>**(1)  FEDERAL COUNTERFEITING;**<br><br>**(2)  FEDERAL TRADEMARK INFRINGEMENT;**<br><br>**(3)  FEDERAL TRADEMARK DILUTION;**<br><br>**(4)  FEDERAL UNFAIR COMPETITION;**<br><br>**(5)  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*;**<br><br>**(6)  DILUTION IN VIOLATION OF CAL. BUS. & PROF. CODE § 14247; AND**<br><br>**(7)  COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT

## **COMPLAINT**

Plaintiff Wm. Wrigley Jr. Company ("Wrigley"), by and through its attorneys, Loeb & Loeb LLP, for its complaint against:

- Roberto Conde d/b/a 2020ediblez ("2020ediblez");
- Joel Ledesma d/b/a Inland Empire 420 Supply ("IE420") and Jessica Mohr ("Mohr") (collectively, the "IE420 Defendants");
- Steven Matta d/b/a OC 420 Collection ("OC420");
- DOE 1 d/b/a GasBuds ("GasBuds DOE Defendant");
- DOE 2 d/b/a Cannabis 420 Supply ("Cannabis 420 DOE Defendant"); and
- DOES 3-10

(2020ediblez, the IE420 Defendants, OC420, GasBuds DOE Defendant, Cannabis 420 DOE Defendant, and DOES 3-10 are collectively referred to herein as "Defendants") hereby alleges as follows:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over Wrigley's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Wrigley's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Wrigley's state law claims arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. This Court has personal jurisdiction over the named individual defendants because they each are domiciled in the State of California and within this District. Moreover, each of the Defendants have had continuous, systematic, and substantial contacts with the State of California, including transacting business in California and within this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

2

COMPLAINT

## **NATURE OF THE ACTION**

4.     This is a civil action seeking damages and injunctive relief for willful trademark counterfeiting, trademark infringement, dilution, and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), unfair competition under California state law, Cal. Bus. & Prof. Code § 17200, *et seq.*, dilution in violation of Cal. Bus. & Prof. Code § 14247, and common law unfair competition.

5.     Wrigley was founded in 1891 in Chicago, Illinois and has become a leading manufacturer of candy and owns many iconic brands, including SKITTLES®, STARBURST®, and LIFE SAVERS®.  For decades, Wrigley has sold SKITTLES®, STARBURST®, and LIFE SAVERS® candies to customers throughout the United States.  Wrigley brings this action to stop a serious and potentially dangerous violation of its famous SKITTLES®, STARBURST®, and LIFE SAVERS® trademarks.

6.     Defendants are misappropriating Wrigley's famous and federally-registered trademarks for use on edible cannabis candy products.  These products, which often contain genuine SKITTLES®, STARBURST®, and LIFE SAVERS® candies infused with or otherwise containing tetrahydrocannabinol ("THC"), the main psychoactive component of cannabis, are marketed and sold to consumers—all without the authorization of Wrigley.

7.     Defendants' unauthorized and infringing use of Wrigley's famous trademarks endangers the public and is likely to cause confusion and damage Wrigley's valuable rights.  Defendants' unlawful actions are a danger to children and adults who may mistakenly ingest the edible cannabis products thinking them to be Wrigley's genuine SKITTLES®, STARBURST®, or LIFE SAVERS® candies, when they are not, and unknowingly and unwillingly subjecting themselves to doses of THC, sometimes in very large and unsafe quantities.  Tragically, news reports

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

validate these concerns, indicating an increasing number of incidents where children have mistaken cannabis edibles for candy, sometimes requiring hospitalization.

8.     Wrigley brings this action to stop Defendants' conduct that causes irreparable injury to Wrigley, deceives the public as to the source and sponsorship of Defendants' products, and harms the public, including customers in California.

## THE PARTIES

9.     Wrigley is a Delaware corporation with its principal place of business in Chicago, Illinois.

10.     Upon information and belief, defendant Roberto Conde d/b/a 2020ediblez is an individual residing in Riverside County, California.  Wrigley is informed and believes that Roberto Conde owns a business known as 2020ediblez, which conducts its operations through the website located at https://2020ediblez.com/, and that he has at all times directed and controlled the complained of activities by 2020ediblez.

11.     Upon information and belief, defendant Joel Ledesma d/b/a Inland Empire 420 Supply is an individual residing in Riverside County, California. Wrigley is informed and believes that Joel Ledesma owns a business known as Inland Empire 420 Supply, which conducts its operations through the website located at https://www.ie420supply.com/, and that he has at all times directed and controlled the complained of activities by IE420.

12.     Upon information and belief, defendant Jessica Mohr is an individual residing in Riverside County, California.  Wrigley is informed and believes that Jessica Mohr has at all times directed and controlled the complained of activities by IE420.

13.     Upon information and belief, defendant Steven Matta d/b/a OC 420 Collection is an individual residing in Orange County, California.  Wrigley is informed and believes that Steven Matta owns a business known as OC 420 Collection, which conducts its operations through the website located at

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

4

COMPLAINT

https://oc420collection.com/, and that he has at all times directed and controlled the complained of activities by OC420.

14.     DOE 1 d/b/a GasBuds is the owner of the business known as GasBuds, which conducts its operations through the website located at https://gasbuds.com/. Despite diligent efforts, the true name and capacity, whether individual, corporate, associate, or otherwise, of DOE 1 is unknown to Wrigley at this time.  Wrigley is therefore suing DOE 1 under such a fictitious name and will amend this complaint to show the true name and capacity of DOE 1 once such information is ascertained.

15.     DOE 2 d/b/a Cannabis 420 Supply is the owner of the business known as Cannabis 420 Supply, which conducts its operations through the website located at https://cannabis420supply.com/.  Despite diligent efforts, the true name and capacity, whether individual, corporate, associate, or otherwise, of DOE 2 is unknown to Wrigley at this time.  Wrigley is therefore suing DOE 2 under such a fictitious name and will amend this complaint to show the true name and capacity of DOE 2 once such information is ascertained.

16.     Upon information and belief, DOES 3-10 are individuals and/or business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor.  The identities of DOES 3-10 are presently not and cannot be known to Wrigley, but Wrigley will amend this complaint to show the true names and capacities of DOES 3-10 once such information is ascertained.

17.     Upon information and belief, at all times mentioned herein, each of DOES 3-10 was the agent, servant, subsidiary, partner, member, associate, co-conspirator, representative, aider and abettor or employee of one or more of Defendants, and in connection with the conduct alleged herein, was acting within the course and scope of such relationship, and that each and every act, omission, and thing done by each of DOES 3-10 was ratified by one or more of Defendants.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

5

COMPLAINT

## **GENERAL ALLEGATIONS**

**I.   WRIGLEY'S FAMOUS TRADEMARKS**

18.   Wrigley is a recognized global leader in confections and, together with its affiliates, offers a wide range of product offerings including gum, mints, and candies.  Wrigley markets products under dozens of well-known, distinctive, and famous brands, including SKITTLES®, STARBURST®, DOUBLEMINT®, JUICY FRUIT®, and LIFE SAVERS®, to name a few.

19.   Wrigley and its predecessors have long marketed candy and related products under the famous SKITTLES® mark and trade dress, which features, among other things, the word mark SKITTLES® in white block lettering, distinctive rainbow designs, distinctive candy-coated lentils with an "S" imprinted thereon, and a cascade design of these candy lentils (hereinafter referred to as the "Skittles Trade Dress"), examples of which are shown below:





Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

6

COMPLAINT



20.     For 50 years, Wrigley and its predecessors-in-interest have continuously used the SKITTLES® mark to advertise, promote, and sell candy throughout the United States.

21.     Wrigley has earned billions of dollars in revenues from the sale of SKITTLES® candy in the United States.  Many millions of people throughout the country have purchased or consumed SKITTLES® candy.  In fact, SKITTLES® candy has been the best-selling non-chocolate candy in the United States for years.

22.     Wrigley has invested many millions of dollars to promote SKITTLES® candy.  Wrigley's advertisements and commercials for SKITTLES® have been seen by many millions of people nationwide.  Wrigley advertises SKITTLES® candy during the Super Bowl and other highly watched events.

23.     Based on the wide-spread and long-standing use and recognition of the SKITTLES® brand, Wrigley enjoys extensive trademark rights in the SKITTLES® mark and the Skittles Trade Dress.

24.     Wrigley owns numerous federal registrations for its SKITTLES® mark and the Skittles Trade Dress, including, but not limited to, U.S. Reg. Nos. 1,221,105; 2,535,714; 4,377,303; and 4,983,664 (such federal registrations, collectively with the common law trademark rights in the SKITTLES® mark and Skittles Trade Dress, are hereinafter referred to as the "SKITTLES® Mark and Trade Dress").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

7

COMPLAINT

25.     Similarly, Wrigley and its predecessors have long marketed candy and related products under the famous STARBURST® mark and trade dress, which features, among other things, the word mark STARBURST® in stylized lettering and distinctive wrappers with an "S" imprinted thereon (hereinafter referred to as the "Starburst Trade Dress"), examples of which are shown below:





26.     For 50 years, Wrigley and its predecessors-in-interest have continuously used the STARBURST® mark to advertise, promote, and sell candy throughout the United States.

27.     Wrigley has earned billions of dollars in revenue from the sale of STARBURST® candy in the United States.  Many millions of people throughout the country have purchased or consumed STARBURST® candy.

28.     Wrigley has invested many millions of dollars to promote STARBURST® candy.  Wrigley's advertisements and commercials for STARBURST® have been seen by many millions of people nationwide.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

8

COMPLAINT

29.    Based on the wide-spread and long-standing use and recognition of the STARBURST® brand, Wrigley enjoys extensive trademark rights in the STARBURST® mark and the Starburst Trade Dress.

30.    Wrigley owns numerous federal registrations for its STARBURST® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 1,000,007; 1,545,544; 4,179,436; 4,268,392; and 4,625,960 (such federal registrations, collectively with the common law trademark rights in the STARBURST® mark and Starburst Trade Dress, are hereinafter referred to as the "STARBURST® Mark and Trade Dress").

31.    Additionally, Wrigley and its predecessors have long marketed candy and related products under the famous LIFE SAVERS® mark and trade dress, which features, among other things, the word mark LIFE SAVERS® in stylized lettering and distinctive circular candies with "LIFE SAVERS" imprinted thereon (hereinafter referred to as the "Life Savers Trade Dress").  An example of LIFE SAVERS® packaging is shown below:



32.    For 50 years, Wrigley and its predecessors-in-interest have continuously used the LIFE SAVERS® mark to advertise, promote, and sell candy throughout the United States.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

9

COMPLAINT

33.     Wrigley has earned billions of dollars in revenue from the sale of LIFE SAVERS® candy in the United States.  Many millions of people throughout the country have purchased or consumed LIFE SAVERS® candy.

34.     Wrigley has invested many millions of dollars to promote LIFE SAVERS® candy.  Wrigley's advertisements and commercials for LIFE SAVERS® have been seen by many millions of people nationwide.

35.     Based on the wide-spread and long-standing use and recognition of the LIFE SAVERS® brand, Wrigley enjoys extensive trademark rights in the LIFE SAVERS® mark and the Life Savers Trade Dress.

36.     Wrigley owns numerous federal registrations for its LIFE SAVERS® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 115,895; 236,694; 1,130,067; 2,358,709; 4,214,036; and 4,769,489 (such federal registrations, collectively with the common law trademark rights in the LIFE SAVERS® mark and Life Savers Trade Dress, are hereinafter referred to as the "LIFE SAVERS® Mark and Trade Dress").

37.     Each of the above-referenced trademark registrations are valid, subsisting, and in full force under 15 U.S.C. § 1065, and, together with Wrigley's extensive common law rights, make the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, and LIFE SAVERS® Mark and Trade Dress (collectively, the "Wrigley Trademarks") valuable assets owned by Wrigley.

38.     The Wrigley Trademarks with Registration Nos. 1,221,105; 2,535,714; 4,377,303; 1,000,007; 1,545,544; 4,179,436; 4,268,392; 4,625,960; 115,895; 236,694; 1,130,067; 2,358,709; and 4,214,036 are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

39.     Pursuant to 15 U.S.C. § 1115(b), Wrigley's incontestable registrations are conclusive evidence of the validity of the marks listed in the registrations, Wrigley's ownership of the marks, and Wrigley's exclusive right to use the marks in commerce in connection with the identified goods.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

10

COMPLAINT

40.     Wrigley is the exclusive owner of the Wrigley Trademarks and all of the related business and goodwill throughout the United States.  Attached hereto as **Exhibit A** are true and correct copies of the trademark registration certificates for the Wrigley Trademarks as issued by the United States Patent and Trademark Office.

41.     As a result of the efforts described herein, each of the Wrigley Trademarks has acquired strong secondary meaning signifying Wrigley.

42.     Due to Wrigley's extensive marketing efforts and sales success, the Wrigley Trademarks have each become extremely valuable corporate assets. Wrigley has successfully licensed its trademarks to third parties who agree to abide by Wrigley's guidelines for use of the trademark(s).

43.     The Wrigley Trademarks are strong and distinctive marks, which are immediately recognized by the public as a brand indicator of, and indelibly associated with, Wrigley's products.  The Wrigley Trademarks identify authorized products that emanate from, or are licensed or sponsored by Wrigley.

## II.     THE EMERGENCE OF INFRINGING CANNABIS PRODUCTS

44.     As the market for cannabis products and, in particular, edible cannabis products has grown, certain unscrupulous businesses have manufactured, packaged, and/or sold unauthorized and counterfeit edible cannabis products that nearly-identically resemble famous candy brands, including Wrigley's SKITTLES®, STARBURST®, and LIFE SAVERS® candies, in order to benefit from the established goodwill of those brands.

45.     One such unauthorized product, often marketed under the name "Medicated Skittles," is sold in packaging illegally using the SKITTLES® Mark and Trade Dress, designed to imitate and counterfeit Wrigley's famous SKITTLES® candy and causing confusion amongst consumers and others as to the source of the product and/or whether Wrigley has authorized, endorsed, or is affiliated with the "Medicated Skittles" product—which it ***has not*** and ***is not***.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations
20417045.8
208719-10057

COMPLAINT

46.   Below is a comparison of Wrigley's SKITTLES® product to the nearly-identically packaged counterfeit "Medicated Skittles" product:

| Wrigley's SKITTLES® | Infringing "Medicated Skittles" |
|---|---|
|  |  |
|  |  |
|  |  |

47.   Additionally, these unscrupulous businesses have similarly begun manufacturing, marketing, and/or distributing unauthorized and counterfeit edible cannabis products and packaging which infringes on Wrigley's STARBURST® Mark and Trade Dress, again attempting to usurp the goodwill Wrigley has created in its STARBURST® mark without regard for Wrigley's intellectual property rights nor the great harm being caused to the public.  Similarly, Wrigley has not sponsored

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

12

COMPLAINT

or endorsed, and is not affiliated with, any of the products discussed herein which infringe on Wrigley's STARBURST® Mark and Trade Dress.

48.   A comparison between examples of Wrigley's STARBURST® candy product and the infringing counterfeit products—often sold as "Starburst Gummies" or "Cannaburst Gummies" (hereinafter referred to as "Starburst Gummies")—is shown below:

| Wrigley's STARBURST® | Infringing "Starburst Gummies" |
|---|---|
|  |  |

49.   Similarly, unscrupulous businesses have also begun manufacturing, marketing, and/or distributing unauthorized and counterfeit edible cannabis products and packaging which infringe on Wrigley's LIFE SAVERS® Mark and Trade Dress

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

in an attempt to profit off of the goodwill Wrigley has created in those marks.  Like with the infringing and counterfeit "Medicated Skittles" and "Starburst Gummies" products, Wrigley has not sponsored or endorsed, and is not affiliated with, any of the products complained of here that infringe on and/or counterfeit Wrigley's LIFE SAVERS® Mark and Trade Dress.  In violation of Wrigley's intellectual property rights, these counterfeit products are often marketed and sold under the name "Life Savers Medicated Gummies."

50.     A comparison between examples of Wrigley's LIFE SAVERS® candy product and the "Life Savers Medicated Gummies" products is shown below:

| Wrigley's LIFE SAVERS® | Infringing "Life Savers Medicated Gummies" |
|---|---|
|  |  |

51.     Not only do the infringing "Medicated Skittles," "Starburst Gummies," and "Life Savers Medicated Gummies" products and packaging violate Wrigley's intellectual property rights, as Wrigley has not authorized or permitted the use of the Wrigley Trademarks for any such product, but they also pose a great danger to the public as anyone, children and adults alike, could easily mistake the infringing

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

14

COMPLAINT

cannabis-infused products for Wrigley's famous and beloved candies and inadvertently ingest the psychoactive compound THC contained therein.

52.     California's Business and Professions Code section 26130(c)(1) states that edible cannabis products shall not be "designed to be appealing to children or easily confused with commercially sold candy or foods that do not contain cannabis."  Furthermore, it is illegal to produce and sell edible cannabis products which contain more than 10 milligrams of THC per serving—an amount that the "Medicated Skittles" product exceeds per the description on its packaging and which, on information and belief, the "Starburst Gummies" and "Life Savers Medicated Gummies" likely exceed, as well.  Cal. Bus. & Prof. Code § 26130(c)(2). Thus, the public harm caused by the manufacture and distribution of these counterfeit and infringing products is compounded by the illegal packaging designed to appeal to children and imitate Wrigley's famous candies, as well as by the illegally high dosages of THC being infused into the products.

53.     Just as Wrigley actively enforced its intellectual property rights against manufacturers and distributors of infringing "candy-flavored" e-liquid products for e-cigarettes when those products presented a risk of harm to children and the public at large, Wrigley here seeks to prevent the further unauthorized and dangerous use of its Wrigley Trademarks on edible cannabis-infused products.

## III.   DEFENDANTS' WRONGFUL ACTS

54.     Each of the Defendants in this action is engaged in the marketing, offering for sale, sale, and distribution of edible cannabis candy products that counterfeit and/or infringe on the Wrigley Trademarks, causing damage to Wrigley and harm to the public due to the illegal and unauthorized imitation of Wrigley's famous candy products.

55.     Rather than develop their own brand names for their cannabis products, Defendants instead chose to use the Wrigley Trademarks, without authorization or license, in the marketing of their products, exhibiting no regard for Wrigley's

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

intellectual property rights, the consumer confusion likely to be caused by the infringing products described herein, or the danger posed by distributing cannabis-infused products in the form of and packaged as imitations of Wrigley's famous candies.

56.    On information and belief, Defendants are similarly situated in that they have all obtained elements of their counterfeit products from the same or similar sources, based on the similarity of the counterfeit packaging used to market and contain the edible cannabis products complained of herein.

### A.    2020EDIBLEZ' WRONGFUL ACTS

57.    Upon information and belief, 2020ediblez markets and sells cannabis products online via the website located at https://2020ediblez.com.  2020ediblez offers their products to consumers located in the State of California, including in this District.

58.    As of the date of this filing, 2020ediblez is marketing and offering for sale at least five cannabis products which violate Wrigley's rights in the Wrigley Trademarks.  Those products include: (1) "Skittles 500mg" (sold in four flavors: "Green," "Yellow," "Blue," and "Purple"); (2) "Cannaburst 500mg Starburst Gummies Edibles" (sold in three flavors: "Sours," "Berry," and "Tropical"); (3) "Starbuds Gummies" (sold in two flavors: "Sour Berry" and "Original"); (4) "Lifesavers Medicated Gummies 600mg"; and (5) "Life Savers CBD Gummies 200mg."  These products, collectively referred to as the "2020ediblez Infringing Products," are pictured below as they appear on 2020ediblez' website:

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

16

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT



59.     Upon information and belief, 2020ediblez adopted and uses the Wrigley Trademarks in marketing, offering for sale, and distributing the 2020ediblez Infringing Products with full knowledge of, and in willful disregard of, Wrigley's intellectual property rights, and with the intent to take advantage of the goodwill that Wrigley has developed in the Wrigley Trademarks.

**B.     THE IE420 DEFENDANTS' WRONGFUL ACTS**

60.     Upon information and belief, the IE420 Defendants market and sell cannabis products online via the website located at https://www.ie420supply.com. The IE420 Defendants offer their products to consumers located in the State of California, including in this District.

61.     As of the date of this filing, the IE420 Defendants are marketing and offering for sale at least three cannabis products which violate Wrigley's rights in the Wrigley Trademarks.  Those products include: (1) "Medicated Skittles 400mg THC Edible" (sold in four flavors: "Original," "Wild Berry," "Zombie," and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

19

COMPLAINT

"Seattle Mix"); (2) "Starburst Gummies 500mg THC" (sold in two flavors: "Berry" and "Sours"); and (3) "Blue Skittlez."  These products, collectively referred to as the "IE420 Infringing Products," are pictured below as they appear on the IE420 Defendants' website:



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

21

COMPLAINT

62.     Upon information and belief, the IE420 Defendants adopted and use the Wrigley Trademarks in marketing, offering for sale, and distributing the IE420 Infringing Products with full knowledge of, and in willful disregard of, Wrigley's intellectual property rights, and with the intent to take advantage of the goodwill that Wrigley has developed in the Wrigley Trademarks.

63.     Additionally, Mohr appears in a video titled "First Medicated Skittles Review ever!" which has been published on YouTube at the following URL address: https://www.youtube.com/watch?v=njltYxRagN8.  Upon information and belief, the video was posted by the IE420 Defendants.  In the video, Mohr reviews the "Medicated Skittles" product and advertises special deals and promotions for the "Medicated Skittles" product being offered by the IE420 Defendants on their website.

## C.     OC420'S WRONGFUL ACTS

64.     Upon information and belief, OC420 markets and sells cannabis products online via the website located at https://oc420collection.com.  OC420 offers their products to consumers located in the State of California, including in this District.

65.     As of the date of this filing, OC420 is marketing and offering for sale at least three cannabis products which violate Wrigley's rights in the Wrigley Trademarks.  Those products include: (1) "Medicated Skittles" (sold in four flavors: "Original," "Sour," "Wild Berry," and "Seattle Mix"); (2) "Medicated Cannaburst Gummies" (sold in three flavors: "Original Sours," "Berry Sours," and "Tropical"); and (3) a "Munchies Edible Deal" which includes a package of the "Cannaburst Gummies."  These products, collectively referred to as the "OC420 Infringing Products," are pictured below as they appear on OC420's website:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

23

COMPLAINT



66.     Upon information and belief, OC420 adopted and uses the Wrigley Trademarks in marketing, offering for sale, and distributing the OC420 Infringing Products with full knowledge of, and in willful disregard of, Wrigley's intellectual property rights, and with the intent to take advantage of the goodwill that Wrigley has developed in the Wrigley Trademarks.

**D.      THE GASBUDS DOE DEFENDANT'S WRONGFUL ACTS**

67.     Upon information and belief, the GasBuds DOE Defendant markets and sells cannabis products online via the website located at https://gasbuds.com. The GasBuds DOE Defendant offers their products to consumers located in the State of California, including in this District.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

24

COMPLAINT

68.     As of the date of this filing, the GasBuds DOE Defendant is marketing and/or offering for sale at least six cannabis products which violate Wrigley's rights in the Wrigley Trademarks.  Those products include: (1) "Medicated Sour Skittles 600mg THC"; (2) "Medicated Sour Skittles – 400mg THC"; (3) "Medicated Yellow Sour Skittles – 400mg THC"; (4) "STARBUDS Gummies – 500mg THC"; (5) "STARBUDS Medicated Gummies Original – 500mg THC"; and (6) "STARBUDS Medicated Gummies Sour – 500mg THC."  These products, collectively referred to as the "GasBuds Infringing Products," are pictured below as they appear on the GasBuds DOE Defendant's website:



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

26

COMPLAINT



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

27

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15       69.    Upon information and belief, the GasBuds DOE Defendant adopted

16  and uses the Wrigley Trademarks in marketing, offering for sale, and distributing

17  the GasBuds Infringing Products with full knowledge of, and in willful disregard of,

18  Wrigley's intellectual property rights, and with the intent to take advantage of the

19  goodwill that Wrigley has developed in the Wrigley Trademarks.

20      **E.**    **THE CANNABIS 420 DOE DEFENDANT'S WRONGFUL ACTS**

21       70.    Upon information and belief, the Cannabis 420 DOE Defendant

22  markets and sells cannabis products online via the website located at

23  https://cannabis420supply.com.  The Cannabis 420 DOE Defendant offers their

24  products to consumers located in the State of California, including in this District.

25       71.    As of the date of this filing, the Cannabis 420 DOE Defendant is

26  marketing and offering for sale at least two cannabis products which violate

27  Wrigley's rights in the Wrigley Trademarks: (1) "Medicated Skittles 400mg THC

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

28

COMPLAINT

Edible" (sold in five flavors: "Original," "Sour," "Wild Berry," "Zombie," and "Seattle Mix"); and (2) "Cannaburst Gummies 500mg THC" (sold in two flavors: "Sours" and "Berry Sours").  These products (collectively referred to as the "Cannabis 420 Infringing Products," and, together with the 2020ediblez Infringing Products, IE420 Infringing Products, OC420 Infringing Products, and GasBuds Infringing Products, the "Infringing Products") are pictured below as they appear on the Cannabis 420 DOE Defendant's website:



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

29

COMPLAINT

72.    Upon information and belief, the Cannabis 420 DOE Defendant adopted and uses the Wrigley Trademarks in marketing, offering for sale, and distributing the Cannabis 420 Infringing Products with full knowledge of, and in willful disregard of, Wrigley's intellectual property rights, and with the intent to take advantage of the goodwill that Wrigley has developed in the Wrigley Trademarks.

**FIRST CLAIM FOR RELIEF**

**(Federal Counterfeiting Against All Defendants)**

73.    Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

74.    Wrigley owns certain exclusive rights in and to the marks and logos reflected in the SKITTLES®, STARBURST®, and LIFE SAVERS® registrations and the goods covered by those registrations are candy.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

30

COMPLAINT

75.     Defendants use in commerce, market, and offer for sale edible cannabis products featuring the "Skittles" mark in plain text and white block lettering, distinctive rainbow designs, images of candy-coated lentils with an "S" imprinted thereon, and/or a design featuring such candy lentils cascading along an upside-down rainbow, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the SKITTLES® registrations. Defendants' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

76.     Additionally, Defendants use in commerce, market, and offer for sale edible cannabis products featuring the "Starburst" mark and/or images of square candies with a stylized "S" imprinted thereon, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the STARBURST® registrations.  Defendants' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

77.     Furthermore, 2020ediblez uses in commerce, markets, and offers for sale edible cannabis products featuring the "Life Savers" mark in plain text and stylized lettering, as well as images of the LIFE SAVERS® distinctive circular candies, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the LIFE SAVERS® registrations.  2020ediblez' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

78.     Defendants' use of the counterfeit marks in advertising, offering for sale, selling, and distributing its edible cannabis candy products is likely to cause confusion, mistake, or deception as to source, affiliation, or sponsorship of the goods.

79.     Upon information and belief, Defendants have used the marks and logos reflected in the SKITTLES®, STARBURST®, and LIFE SAVERS® registrations for their counterfeit products with full knowledge of, and in willful

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT

1  disregard of Wrigley's rights in its trademarks, and with the intent to obtain a

2  commercial advantage that Defendants otherwise would not have.

3      80.    The imitation, copying, and unauthorized use of the marks and logos

4  reflected in the SKITTLES®, STARBURST®, and LIFE SAVERS® registrations

5  causes irreparable injury to Wrigley, including injury to its business reputation and

6  the goodwill associated with the Wrigley Trademarks.

7      81.    Wrigley has no adequate remedy at law for these injuries.  Moreover,

8  unless Defendants are restrained by this Court from continuing this imitation,

9  copying, and unauthorized use of the marks and logos reflected in the SKITTLES®,

10  STARBURST®, and LIFE SAVERS® registrations, these injuries will continue to

11  occur.  Wrigley is entitled to a preliminary and permanent injunction restraining

12  Defendants, their agents, employees, and all persons acting in concert with them,

13  from engaging in such further acts in violation of 15 U.S.C. § 1116.

14      82.    Wrigley is further entitled to recover from Defendants the damages it

15  has sustained and will sustain, and any gains, profits, and advantages unfairly

16  obtained by Defendants as a result of Defendants' imitation, copying, and

17  unauthorized use as alleged above.  Wrigley is, at present, unable to ascertain the

18  full extent of monetary damages suffered by reason of Defendants' acts.

19      83.    By reason of Defendants' acts, and pursuant to 15 U.S.C. § 1117,

20  Wrigley is entitled to Defendants' profits, Wrigley's costs of suit, Wrigley's

21  reasonable attorneys' fees, and Wrigley's actual damages, and the trebling of those

22  damages or of Defendants' profits, or to statutory damages at its election.

23                  **SECOND CLAIM FOR RELIEF**

24          **(Federal Trademark Infringement Against All Defendants)**

25      84.    Wrigley realleges the allegations of the preceding paragraphs as if fully

26  set forth herein.

27      85.    Defendants' acts are likely to cause confusion, mistake, or deception as

28  to source, affiliation, or sponsorship, in violation of 15 U.S.C. §§ 1114, 1125(a).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

32

COMPLAINT

86.     Upon information and belief, Defendants adopted and use the Wrigley Trademarks with full knowledge of, and in willful disregard of Wrigley's rights in its trademarks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

87.     Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

88.     Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution Against All Defendants)

89.     Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

90.     The Wrigley Trademarks are inherently distinctive and famous under 15 U.S.C. § 1125(c).

91.     Defendants' unlawful uses of the Wrigley Trademarks in commerce began long after the Wrigley Trademarks became famous.

92.     Defendants' conduct causes, and will continue to cause, dilution of the distinctive quality of the famous Wrigley Trademarks.

93.     Upon information and belief, Defendants adopted and use the Wrigley Trademarks with full knowledge of Wrigley's intellectual property rights therein, and with the willful intention to trade on Wrigley's reputation and/or cause dilution of the famous Wrigley Trademarks, making this an exceptional case pursuant to 15 U.S.C. § 1117.

94.     Wrigley has been, and will continue to be, damaged by Defendants' dilutive conduct in an amount to be determined at trial.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

33

COMPLAINT

95.     Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

### (Federal Unfair Competition Against All Defendants)

96.     Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

97.     Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Wrigley, or as to the origin, sponsorship, or approval of Defendants' goods.  Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

98.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

99.     Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

100.     Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Against All Defendants)

101.     Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

102.     Defendants have wrongfully appropriated the Wrigley Trademarks in connection with their marketing, offering for sale, and/or distribution of the Infringing Products.  These acts have caused, or are likely to cause, confusion, mistake, or deception amongst consumers and others as to the source of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

34

COMPLAINT

Infringing Products and as to whether Wrigley has authorized, endorsed, or is affiliated with the Infringing Products.

103.   Defendants' acts constitute unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.* in that they are unlawful, unfair, and/or fraudulent acts or business practices, and because Defendants have engaged in unfair, deceptive, untrue, and misleading advertising for the Infringing Products.

104.   Upon information and belief, Defendants' conduct has been deliberate and willful, and Defendants' misappropriation of the Wrigley Trademarks has been done with Defendants' full knowledge of, and total disregard for, Wrigley's intellectual property rights therein and with the bad faith intent to trade on the goodwill Wrigley has developed in the Wrigley Trademarks.

105.   As a result of Defendants' unfair competition, Wrigley has been greatly and irreparably harmed, including by the dilution of goodwill, confusion of existing and potential customers, and injury to reputation, and Wrigley will continue to be damaged by Defendants' conduct unless it is enjoined by the Court such that Wrigley is without an adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of Cal. Bus. & Prof. Code § 14247 Against All Defendants)

106.   Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

107.   The Wrigley Trademarks are inherently distinctive and famous, being widely recognized by the general consuming public of the United States and California as an indicator of the source of Wrigley's candy products.

108.   Defendants' unlawful uses of the Wrigley Trademarks in commerce began long after the Wrigley Trademarks became famous.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

COMPLAINT

109.   Defendants' conduct is likely to cause dilution of the distinctive quality of the famous Wrigley Trademarks in violation of California Business and Professions Code § 14247.

110.   Upon information and belief, Defendants' conduct has been deliberate and willful, and Defendants' uses of the Wrigley Trademarks has been done with Defendants' full knowledge of, and total disregard for, Wrigley's intellectual property rights therein and with the bad faith intent to trade on the goodwill Wrigley has developed in the Wrigley Trademarks.

111.   Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition Against All Defendants)

112.   Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

113.   Defendants have wrongfully appropriated the Wrigley Trademarks in connection with their marketing, offering for sale, and/or distribution of the Infringing Products.  These acts have caused, or are likely to cause, confusion, mistake, or deception amongst consumers and others as to the source of the Infringing Products and as to whether Wrigley has authorized, endorsed, or is affiliated with the Infringing Products.

114.   Defendants' acts constitute unfair competition in violation of California common law in that they are unlawful, unfair, and/or fraudulent acts or business practices, and because Defendants have engaged in unfair, deceptive, untrue, and misleading advertising for the Infringing Products.

115.   Upon information and belief, Defendants' conduct has been deliberate and willful, and Defendants' misappropriation of the Wrigley Trademarks has been done with Defendants' full knowledge of, and total disregard for, Wrigley's

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

36

COMPLAINT

intellectual property rights therein and with the bad faith intent to trade on the goodwill Wrigley has developed in the Wrigley Trademarks.

116.   As a result of Defendants' unfair competition, Wrigley has been greatly and irreparably harmed, including by the dilution of goodwill, confusion of existing and potential customers, and injury to reputation, and Wrigley will continue to be damaged by Defendants' conduct unless it is enjoined by the Court such that Wrigley is without an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Wrigley respectfully requests that this Court:

1.      Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; California Business and Professions Code §§ 17200, *et seq.* and § 14247; and California common law, and that such violations were willful and intentional, making this an exceptional case;

2.      Award Wrigley statutory damages in the amount of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, in a total amount to be determined at trial, for Defendants' willful counterfeiting of the Wrigley Trademarks and pursuant to 15 U.S.C. §§ 1117(c)(2);

3.      Issue a preliminary and permanent injunction enjoining and restraining Defendants, their agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with Defendants, jointly and severally, from directly or indirectly engaging in (a) any further counterfeiting of Wrigley's SKITTLES®, STARBURST®, and LIFE SAVERS® registrations, (b) any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the Wrigley Trademarks, and (c) doing any other act calculated or likely to induce or cause confusion or the mistaken belief that Defendants or their products are in any way affiliated, connected, or otherwise associated with Wrigley or its products;

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

37

COMPLAINT

4.      Require Defendants to immediately recall from all distribution channels all products, packaging, labels, wrappers, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks;

5.      Require Defendants to immediately deliver to Wrigley for destruction all products, packaging, labels, wrappers, digital or electronic images or files, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, pursuant to 15 U.S.C. § 1118;

6.      Order Defendants to account to Wrigley for all profits wrongfully derived by their unlawful conduct and to pay to Wrigley:

        a.      all monetary actual and/or statutory damages sustained and to be sustained by Wrigley as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

        b.      all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

        c.      exemplary damages, including treble damages resulting from Defendants' unlawful conduct; and

        d.      pre-judgment interest on all damages.

7.      Order Defendants to pay Wrigley's costs and disbursements in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

8.      That the Court order those in privity with, working with, or providing services of any kind to Defendants and those with notice or receipt of the injunction, and any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, and web hosts, shall: (a) be and are restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage in the counterfeiting and/or infringing use of the Wrigley Trademarks, and any account(s) associated with the same; (b) be and are restrained and enjoined from altering, interlining, removing, destroying, permitting the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

38

COMPLAINT

destruction of, or in any other fashion changing any records, including electronic records, in the actual or constructive care, custody, or control of Defendants that are relevant to the subject matter of this lawsuit or likely to lead to the discovery of relevant records or evidence, wherever said records are physically located; (c) be ordered to preserve copies of all documents, files, electronically-stored information and things relating to the websites controlled by Defendants that offer products or packaging bearing the Wrigley Trademarks and take steps to retrieve files that may have been deleted before entry of this injunction; (d) be ordered to provide any and all identification, contact, and registration information associated with those websites; and (e) be ordered to produce any and all documents and electronically-stored information regarding access, download, and visitors to the websites;

9.     Direct that each of the Defendants file with this Court and serve on counsel for Wrigley within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which they have complied with the injunction; and

10.     Order any such other or further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Wm. Wrigley Jr. Company respectfully demands a trial by jury of all issues so triable by a jury.


Dated:  May 3, 2021                    LOEB & LOEB LLP


By: */s/ Kyle R. Petersen*
    Douglas N. Masters
    Kyle R. Petersen
    Attorneys for Plaintiff
    Wm. Wrigley Jr. Company

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20417045.8
208719-10057

39

COMPLAINT

# EXHIBIT A

**Int. Cl.: 30**

**Prior U.S. Cl.: 46**

## United States Patent and Trademark Office

**Reg. No. 1,221,105**
Registered Dec. 21, 1982

### TRADEMARK
**Principal Register**

### SKITTLES

Mars, Incorporated (Delaware corporation)
1651 Old Meadow Rd.
McLean, Va. 22102

For: CANDY, in CLASS 30 (U.S. Cl. 46).
First use Mar. 10, 1971; in commerce Mar. 10, 1971.

Ser. No. 305,850, filed Apr. 14, 1981.

RICHARD A. STRASER, Examining Attorney

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,535,714

Registered Feb. 5, 2002

## TRADEMARK
### PRINCIPAL REGISTER



MARS, INCORPORATED (DELAWARE COR-
PORATION)
6885 ELM STREET
MCLEAN, VA 221013883

FOR: CONFECTIONERY, NAMELY, CANDY, IN
CLASS 30 (U.S. CL. 46).

FIRST USE 7-0-1982; IN COMMERCE 7-0-1982.

OWNER OF U.S. REG. NO. 1,687,121.

THE DRAWING IS NOT LINED FOR COLOR.
THE STIPPLING IS FOR SHADING PURPOSES
ONLY AND DOES NOT INDICATE COLOR.

SER. NO. 76-010,416, FILED 3-27-2000.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,377,303**
WM. WRIGLEY JR. COMPANY (DELAWARE CORPORATION)
1132 WEST BLACKHAWK STREET
**Registered July 30, 2013** CHICAGO, IL 60642

**Int. Cl.: 30**
FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12-0-2012; IN COMMERCE 12-0-2012.

**TRADEMARK**

**PRINCIPAL REGISTER**
THE MARK CONSISTS OF THE WORD "SKITTLES" IN WHITE LETTERS OUTLINED IN RED, AN "S" LENTIL - SHAPED PIECE OVER THE LETTER "I" IN THE WORD "SKITTLES" AND AN UPSIDE RAINBOW IN RED, ORANGE, YELLOW, GREEN, BLUE AND PURPLE BEHIND THE WORD "SKITTLES", WITH "S" LENTIL - SHAPED PIECES OVER THE RAINBOW IN RED, ORANGE, YELLOW, PURPLE AND GREEN.

THE COLOR(S) WHITE, RED, ORANGE, YELLOW, GREEN, BLUE AND PURPLE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SN 85-547,164, FILED 2-20-2012.

MARK RADEMACHER, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,983,664**

**Registered June 21, 2016**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

WM. WRIGLEY JR. COMPANY (DELAWARE CORPORATION)
1132 WEST BLACKHAWK STREET
CHICAGO, IL 60642

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 11-30-2013; IN COMMERCE 11-30-2013.

OWNER OF U.S. REG. NOS. 4,377,303 AND 4,393,854.

THE COLOR(S) RED, YELLOW, ORANGE, BLUE, PURPLE, AND GREEN IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF AN UPSIDE DOWN RAINBOW IN RED, ORANGE, YELLOW, GREEN, BLUE AND PURPLE.

SN 86-148,847, FILED 12-19-2013.

KAREN BRACEY, EXAMINING ATTORNEY



Michelle K. Lee

Director of the United States
Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent Office

Reg. No. 1,000,007
Registered Dec. 17, 1974

### TRADEMARK
**Principal Register**

### STARBURST

Mars, Incorporated (Delaware corporation)
100 W. 10th St.
Wilmington, Del.

For: FRUIT CANDY, in CLASS 46 (INT. CL. 30).
First use Mar. 21, 1966; in commerce Mar. 21, 1966.

Ser. No. 449,666, filed Feb. 23, 1973.

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent Office

Reg. No. 1,000,007
Registered Dec. 17, 1974

### TRADEMARK
#### Principal Register

## STARBURST

Mars, Incorporated (Delaware corporation)
100 W. 10th St.
Wilmington, Del.

For: FRUIT CANDY, in CLASS 46 (INT. CL. 30).
First use Mar. 21, 1966; in commerce Mar. 21, 1966.

Ser. No. 449,666, filed Feb. 23, 1973.

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,000,007
Registered Dec. 17, 1974
Renewal Term Begins Dec. 17, 1994

## TRADEMARK
## PRINCIPAL REGISTER

## STARBURST

MARS, INCORPORATED (DELAWARE
  CORPORATION)
100 W. 10TH ST.
WILMINGTON, DE

FOR: FRUIT CANDY, IN CLASS 46
(INT. CL. 30).
  FIRST USE 3–21–1966; IN COMMERCE
3–21–1966.

  SER. NO. 72–449,666, FILED 2–23–1973.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Feb. 21, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent Office

Reg. No. 1,000,007
Registered Dec. 17, 1974

## TRADEMARK
### Principal Register

## STARBURST

Mars, Incorporated (Delaware corporation)
100 W. 10th St.
Wilmington, Del.

For: FRUIT CANDY, in CLASS 46 (INT. CL. 30).
First use Mar. 21, 1966; in commerce Mar. 21, 1966.

Ser. No. 449,666, filed Feb. 23, 1973.

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 1,545,544

**United States Patent and Trademark Office**    Registered June 27, 1989

TRADEMARK
PRINCIPAL REGISTER

# Starburst

MARS, INCORPORATED (DELAWARE COR-
  PORATION)
6885 ELM STREET
MCLEAN, VA 22101

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).
FIRST USE 11-0-1982; IN COMMERCE
11-0-1982.

OWNER OF U.S. REG. NOS. 982,575, 1,000,007,
AND 1,002,984.

SER. NO. 756,140, FILED 10-5-1988.

ROBERT F. GARCIA, EXAMINING ATTOR-
NEY



1545544

Section

T-07

| | | |
|---|---|---|
| Registrant | : | Mars, Incorporated |
| Address | : | 6885 Elm Street<br>McLean, Virginia 22101-3883 |
| Date of First Use | : | June 1993 |
| Date of First Use<br>Interstate Commerce | : | June 1993 |
| Goods | : | Candy |

1545544 T

Starburst

Sec 1

| | | |
|---|---|---|
| Registrant | : | Mars, Incorporated |
| Address | : | 6885 Elm Street<br>McLean, Virginia 22101-3883 |
| Goods | : | Candy |
| Registration No. | : | 1,545,544 |

Starburst

5T 01

Reg. No. 1,545,544

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,179,436**

**Registered July 24, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

WM W RIGLEY JR COMPANY (DELAWARE CORPORATION)
410 NORTH MICHIGAN AVENUE
CHICAGO, IL 60611

FOR CANDY, IN CLASS 30 (U S CL 46)

FIRST USE 12-0-2003, IN COMMERCE 12-0-2003

THE MARK CONSISTS OF THE LETTER "S" IN STYLIZED FORM

SER NO 85-502,058, FILED 12-22-2011

KATHLEEN LORENZO, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

<div style="border:1px solid black">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C §§1058, 1141k If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
  *See* 15 U S C §1059

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

<div style="border:1px solid black">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

</div>

*\*ATTENTION MADRID PROTOCOL REGISTRANTS:* The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO The time periods for filing are based on the U.S. registration date (not the international registration date)   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations *See* 15 U S C §§1058, 1141k  However, owners of international registrations do not file renewal applications at the USPTO  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration  *See* 15 U S C §1141j  For more information and renewal forms for the international registration, see http //www wipo int/madrid/en/

**NOTE:  Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http //www.uspto gov

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,268,392**

**Registered Jan. 1, 2013**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

WM. WRIGLEY JR. COMPANY (DELAWARE CORPORATION)
1132 WEST BLACKHAWK STREET
CHICAGO, IL 60642

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12-0-2003; IN COMMERCE 12-0-2003.

OWNER OF U.S. REG. NO. 4,179,436.

THE MARK CONSISTS OF THE LETTER "S" INSIDE A TEARDROP WITHIN A SQUARE.

SER. NO. 85-709,617, FILED 8-22-2012.

MICHAEL SOUDERS, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

## WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

## The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.



# United States of America

## United States Patent and Trademark Office

# STARBURST

**Reg. No. 4,625,960**

**Registered Oct. 21, 2014**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

WM. WRIGLEY JR. COMPANY (DELAWARE CORPORATION)
1132 W. BLACKHAWK ST.
CHICAGO, IL 60642

FOR: FROZEN CONFECTIONS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-28-2014; IN COMMERCE 2-28-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,000,007 AND 1,545,544.

SN 86-029,183, FILED 8-5-2013.

MICHAEL ENGEL, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 115,895

**United States Patent and Trademark Office**

Registered Mar. 20, 1917

10 Year Renewal

Renewal Term Begins Mar. 20, 1997

## TRADEMARK
## PRINCIPAL REGISTER

### LIFE SAVERS

NABISCO BRANDS COMPANY (DELA-
WARE CORPORATION)
ONE SOUTH WACKER DR.
SUITE 2740
CHICAGO, IL 60606, BY ASSIGNMENT,
MERGER, MERGER, CHANGE OF
NAME, ASSIGNMENT, ASSIGNMENT,
CHANGE OF NAME, ASSIGNMENT
AND ASSIGNMENT FROM MINT
PRODUCTS COMPANY, INCORPO-
RATED (NEW YORK CORPORATION)
MANHATTAN, NY

OWNER OF U.S. REG. NO. 93,080.

FOR: [CHEWING-GUM,] CANDY,
[SWEETMEATS,] AND CONFECTIONS,
IN CLASS 46 (INT. CL. 30).

FIRST USE 2-28-1913; IN COMMERCE
2-28-1913.

SER. NO. 71-096,594, FILED 7-15-1916.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Nov. 4, 1997.*

COMMISSIONER OF PATENTS AND TRADEMARKS

**Registered Dec. 20, 1927.**     **Trade-Mark 236,694**

Renewed December 20, 1947 to Life Savers Corporation, of
Port Chester, New York, a corporation of Delaware, which
has made a showing of ownership of the trade-mark origi-
nally registered to Life Savers, Inc.,

# UNITED STATES PATENT OFFICE.

**LIFE SAVERS, INC., OF PORT CHESTER, NEW YORK.**

ACT OF FEBRUARY 20, 1905.

Application filed March 17, 1927. Serial No. 245,914.



## STATEMENT.

*To the Commissioner of Patents:*

Life Savers, Inc., a corporation duly or-
ganized and existing by virtue of the laws
of the State of New York, said corporation
located and doing business at Port Ches-
ter, in the county of Westchester and State
of New York, has adopted and used the
trade-mark shown in the accompanying
drawing, for CANDY, CHEWING GUM,
AND CANDY AND CHEWING-GUM
CONFECTIONS, in Class 46, Foods and
ingredients of foods, and presents herewith
five specimens showing the trade-mark as
actually used by the applicant upon the
goods, and requests that the same be regis-
tered in the United States Patent Office in
accordance with the act of February 20th,
1905, as amended.

The trade-mark has been continuously
used and applied to said goods in appli-
cant's business and in the business of ap-
plicant's predecessors, since Dec. 29, 1921.

The trade-mark is applied or affixed to
the goods, or to the packages containing the
same, by direct application to the goods, or
by tags, labels or wrappers on the goods
or the packages containing the goods, on
which the trade-mark is shown.

LIFE SAVERS, INC.,
By R. P. NOBLE,
*Secretary.*

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Renewal

Reg. No. 236,694

Registered Dec. 20, 1927

OG Date Jan. 24, 1989

## TRADEMARK
## PRINCIPAL REGISTER



NABISCO BRANDS, INC. (DELAWARE CORPORATION)
EAST HANOVER, NJ 07936, ASSIGNEE BY MESNE ASSIGNMENT, MERGERS AND CHANGE OF NAME FROM LIFE SAVERS, INC. (NEW YORK CORPORATION) PORT CHESTER, NY

FOR: CANDY [, CHEWING GUM, AND CANDY AND CHEWING-GUM CONFECTIONS], IN CLASS 46 (INT. CL. 30).

FIRST USE 12–29–1921; IN COMMERCE 12–29–1921.

SER. NO. 245,914, FILED 3–17–1927.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Jan. 24, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

at. Cl.: 30

J.S. Cl.: 46

Reg. No. 1,130,067

J.S. Patent and Trademark Office

Reg. Jan. 29, 1980

## TRADEMARK
### Principal Register



Life Savers, Inc. (Delaware corporation)
30 W. 57th St.
New York, N.Y. 10019

For: Pressed Mints and Hard Candy —in Class 30. (U.S. Cl. 46).

First use Dec. 29, 1921; 1914 in a different form; in commerce Dec. 29, 1921.

The lining and/or stippling shown is for shading purposes only.

The mark consists of the configuration of the goods with the words "Life Saver" embossed thereon.

Owner of U.S. Reg. Nos. 93,080, 1,033,180 and others.

Ser. No. 178,009. Filed July 13, 1978.

JOHN C. DEMOS, Primary Examiner

RICHARD A. STRASER, Examiner

Int. Cl.: 30

U.S. Cl.: 46

**Reg. No. 1,130,067**

## U.S. Patent and Trademark Office

Reg. Jan. 29, 1980

## TRADEMARK
### Principal Register



Life Savers, Inc. (Delaware corporation)
40 W. 57th St.
New York, N.Y. 10019

For: Pressed Mints and Hard Candy —in Class 30. (U.S. Cl. 46).

First use Dec. 29, 1921; 1914 in a different form; in commerce Dec. 29, 1921.

The lining and/or stippling shown is for shading purposes only.

The mark consists of the configuration of the goods with the words "Life Saver" embossed thereon.

Owner of U.S. Reg. Nos. 93,080, 1,033,180 and others.

Ser. No. 178,009. Filed July 13, 1978.

JOHN C. DEMOS, Primary Examiner

RICHARD A. STRASER, Examiner

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Amended

Reg. No. 1,130,067

Registered Jan. 29, 1980

OG Date Jan. 21, 1992

## TRADEMARK
## PRINCIPAL REGISTER



NABISCO BRANDS, INC. (DELAWARE CORPORATION)
7 CAMPUS DRIVE
PARSIPPANY, NJ 07054, ASSIGNEE BY MESNE ASSIGNMENT FROM LIFE SAVERS, INC. (DELAWARE CORPORATION) NEW YORK, NY

OWNER OF U.S. REG. NOS. 93,080, 1,033,180 AND OTHERS.

THE LINING AND/OR STIPPLING SHOWN IS FOR SHADING PURPOSES ONLY.

THE MARK CONSISTS OF THE CONFIGURATION OF THE GOODS WITH THE WORDS "LIFE SAVER" EMBOSSED THEREON.

SEC. 2(F).

FOR: PRESSED MINTS AND HARD CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12–29–1921; IN COMMERCE 12–29–1921.

SER. NO. 73–178,009, FILED 7–13–1978.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Jan. 21, 1992.*

COMMISSIONER OF PATENTS AND TRADEMARKS

**Int. Cl.: 30**

**Prior U.S. Cl.: 46**

**Reg. No. 2,358,709**

## United States Patent and Trademark Office

**Registered June 13, 2000**

### TRADEMARK
#### PRINCIPAL REGISTER



NABISCO BRANDS COMPANY (DELAWARE COR-
    PORATION)
1105 NORTH MARKET STREET
SUITE 803
WILMINGTON, DE 19801

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6–1–1999; IN COMMERCE 6–1–1999.

SN 75–628,254, FILED 1–26–1999.

ANDREW EHARD, EXAMINING ATTORNEY



# United States of America
## United States Patent and Trademark Office

# LIFE SAVERS GUMMIES COLLISIONS

**Reg. No. 4,214,036**
**Registered Sep. 25, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

WM. WRIGLEY JR. COMPANY (DELAWARE CORPORATION)
1132 WEST BLACKHAWK STREET
CHICAGO, IL 60642

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-30-2011; IN COMMERCE 6-30-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 115,895, 2,605,971 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GUMMIES", APART FROM
THE MARK AS SHOWN.

SER. NO. 85-577,789, FILED 3-23-2012.

MARK RADEMACHER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL**
**TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE**
**DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.



# United States of America

## United States Patent and Trademark Office

# LIFE SAVERS GUMMIES TANGY COLLISIONS

**Reg. No. 4,769,489**
**Registered July 7, 2015**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

WM. WRIGLEY JR. COMPANY (DELAWARE CORPORATION)
1132 W. BLACKHAWK STREET
CHICAGO, IL 60642

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-2-2014; IN COMMERCE 1-2-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,462,916, 4,214,036, AND 4,321,642.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GUMMIES TANGY", APART
FROM THE MARK AS SHOWN.

SN 86-090,679, FILED 10-14-2013.

KAREN BRACEY, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
### DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at**  http://www.uspto.gov.