DOUGLAS N. MASTERS (*pro hac vice*)
dmasters@loeb.com
LOEB & LOEB LLP
321 N. Clark St., Suite 2300
Chicago, IL  60654
Telephone:  312.464.3100
Facsimile:   312.464.3111

KYLE R. PETERSEN (SBN 307483)
kpetersen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:  310.282.2000
Facsimile:   310.282.2200

Attorneys for Plaintiff
WM. WRIGLEY JR. COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO CONDE d/b/a 2020EDIBLEZ, an individual; JOEL LEDESMA d/b/a INLAND EMPIRE 420 SUPPLY, an individual; JESSICA MOHR, an individual; STEVEN MATTA d/b/a OC 420 COLLECTION, an individual; DOE 1 d/b/a GASBUDS; DOE 2 d/b/a CANNABIS 420 SUPPLY; and DOES 3 through 10,<br><br>Defendants. | Case No.: 5:21-cv-00777 JWH (SHKx)<br><br>Assigned to Hon. John W. Holcomb<br><br>**[DISCOVERY MATTER; UNOPPOSED]**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS FIRST *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY**<br><br>Date: [TBD]<br>Time: [TBD]<br>Place: [TBD]<br><br>Complaint Filed:  May 3, 2021 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 5

II. FACTUAL BACKGROUND ............................................................................. 5

III. COMPLIANCE WITH LOCAL RULE 7-19 .................................................... 8

IV. ARGUMENT ...................................................................................................... 9

    A. Defendants Can be Identified Based on Their Unique Domain Names ................................................................................................. 10

    B. Wrigley's Attempts to Identify the Unidentified Defendants Have Been Unsuccessful ..................................................................... 11

    C. Wrigley has Stated Valid Claims Against the Unidentified Defendants ............................................................................................ 12

    D. Defendants Can be Identified Based on Information in the Possession of the Domain Name Registrars ....................................... 13

        1. The Domain Name Registrars Maintain Defendants' Identifying Information ...................................................................... 13

        2. E-mail Service Providers Maintain Identifying Information ................................................................................. 14

        3. IP Addresses May be Used to Determine the Unidentified Defendants' Identities ........................................ 15

V. CONCLUSION ................................................................................................ 15

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

2

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assef v. Doe*,
   Case No. 15-cv-01960-MEJ, 2015 U.S. Dist. LEXIS 69229 (N.D. Cal. May 28, 2015) ................................................................................................11

*Columbia Ins. Co. v. Seescandy.com*,
   185 F.R.D. 573 (N.D. Cal. 1999) ...................................................................9, 13

*Gillespie v. Civiletti*,
   629 F.2d 637 (9th Cir. 1980) .........................................................................10, 13

*Marketo, Inc. v. Doe*,
   Case No. 18-cv-06792-JSC, 2018 U.S. Dist. LEXIS 197169 (N.D. Cal. Nov. 19, 2018) ...........................................................................................13

*Patrick Collins Inc. v. Doe*,
   CV 12-05267 JVS (RNBx), 2012 U.S. Dist. LEXIS 184227, *8-9 (C.D. Cal. Nov. 5, 2012) ...............................................................................10

*S. Cal. Darts Ass'n v. Zaffina*,
   762 F.3d 921 (9th Cir. 2014) ............................................................................13

*Semitool, Inc. v. Tokyo Electron. Am., Inc.*,
   208 F.R.D. 273 (N.D. Cal. 2002) ......................................................................9

*Solarbridge Techs., Inc. v. Doe*,
   No. C10-03769 LHK (HRL), 2010 U.S. Dist. LEXIS 97508 (N.D. Cal. Aug.27, 2010) .........................................................................................11, 14

*UMG Recordings, Inc. v. Doe*,
   No. C 08-1193 SBA, 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. Sept. 3, 2008)................................................................................................15

**Statutes**

15 U.S.C. § 1114................................................................................................13

15 U.S.C. § 1125(a) ...........................................................................................13

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

3

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

15 U.S.C. § 1125(a)(1)(A) .................................................................................... 13

15 U.S.C. § 1125(c) ............................................................................................... 13

47 U.S.C. § 551 ................................................................................................ 15, 16

47 U.S.C. § 551(c)(2)(B) ....................................................................................... 15

Cal. Bus. & Prof. Code § 14247 ............................................................................ 13

Cal. Bus. & Prof. Code § 17200 ............................................................................ 13

Cal. Bus. & Prof. Code § 26130(c)(1) ................................................................... 11

**Other Authorities**

C.D. Cal. Local Rule 7-19 ....................................................................................... 9

C.D. Cal. Local Rule 7-19.2 .................................................................................... 9

Fed. R. Civ. Proc. Rule 26 ....................................................................................... 9

Fed. R. Civ. Proc. Rule 26(f) ........................................................................ 5, 8, 16

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

4

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Wm. Wrigley Jr. Company ("Wrigley") makes this application (the "Application") for leave to take discovery, before holding a Rule 26(f) conference, in order to discover the identities of the unidentified Doe defendants who own and operate certain websites advertising, offering for sale, selling, and/or distributing cannabis products which violate Wrigley's trademark rights, pose a danger to the public, including minors, and unfairly compete with Wrigley, as detailed in Wrigley's complaint. Wrigley has made diligent efforts to identify and serve process on the individuals owning and operating the websites located at https://gasbuds.com (identified in the Complaint as "DOE 1 d/b/a GasBuds"), https://cannabis420supply.com (identified in the Complaint as "DOE 2 d/b/a Cannabis 420 Supply"), and https://2020ediblez.com/ (identified in the Complaint as "DOE 3") (collectively, the "Unidentified Defendants"), but has been unsuccessful in those efforts. Without this expedited discovery, Wrigley has no way to determine the identities of the Unidentified Defendants and, therefore, no way to fully pursue its claims in this matter.

## II. FACTUAL BACKGROUND[1]

Wrigley is a recognized global leader in confections and, together with its affiliates, offers a wide range of product offerings including gum, mints, and candies. Wrigley markets products under dozens of well-known, distinctive, and famous brands such as SKITTLES®, STARBURST®, DOUBLEMINT®, JUICY FRUIT®, and LIFE SAVERS®. Wrigley owns numerous federal registrations for its SKITTLES®, STARBURST®, DOUBLEMINT®, JUICY FRUIT®, and LIFE SAVERS® marks and trade dresses, among others.

---

[1] The facts set forth below are taken from the Complaint (Dkt. No. 1) unless otherwise noted.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

5

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

As the market for cannabis products and, in particular, edible cannabis products has grown, certain unscrupulous businesses have manufactured, packaged, and/or sold unauthorized and counterfeit edible cannabis products that nearly identically resemble famous candy brands, including Wrigley's SKITTLES®, STARBURST®, and LIFE SAVERS® candies, in order to benefit from the established goodwill of those brands. Each of the defendants in this action is engaged in the marketing, offering for sale, sale, and distribution of edible cannabis candy products that counterfeit and/or infringe on the Wrigley Trademarks, causing damage to Wrigley and harm to the public due to the illegal and unauthorized imitation of Wrigley's famous candy products.

Wrigley's Complaint states claims against individuals directing and controlling five separate websites, *see* Dkt. No. 1 ("Cmplt."), ¶¶ 10-15, each of which is committing wrongful acts, including by violating Wrigley's trademark rights. Through its own investigation and research, including thorough reviews of each of the defendants' websites, utilization of informational databases and resources, such as Lexis, and the engagement of an investigation firm to conduct purchases of the infringing products and gather information about the defendant websites in the course of the transactions, *see* Declaration of Kyle R. Petersen ("Petersen Decl."), ¶¶ 2-4; Declaration of Robert Mann ("Mann Decl."), ¶¶ 2-14, Wrigley was able to identify certain individuals—the named defendants—who Wrigley is informed and believes direct and control some of the websites. However, despite these efforts, Wrigley has been unable to identify the individuals that own, operate, direct, and/or control the websites known as GasBuds and Cannabis 420 Supply because the investigation was not able to uncover any information that would credibly identify the individual(s) behind these websites. Petersen Decl., ¶ 5; Mann Decl., ¶ 6-7, 9-10. Both websites take measures to shroud the identities of the individuals operating them, such as utilizing services that hide their identities during

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

6

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

a search for website registrant information and using "burner" phones when selling their infringing marijuana products. Petersen Decl., ¶ 7; Mann Decl., ¶ 6.

Additionally, Wrigley has been unable to serve the summons and complaint on defendant Roberto Conde, who Wrigley is informed and believes to be directing and controlling the website 2020ediblez. Based on Wrigley's investigation, it believes there are other individuals involved in the direction and control of the 2020ediblez website. Petersen Decl., ¶ 6; Mann Decl., ¶ 14. Such individual, hereby designated as the "DOE 3" named in the Complaint, along with DOE 1 d/b/a GasBuds and DOE 2 d/b/a Cannabis 420 Supply, the Unidentified Defendants, can only be identified through the non-party discovery Wrigley requests here.

In order to discover true identities of the Unidentified Defendants so that Wrigley can effectively pursue its claims, Wrigley intends to first seek identifying user information – including telephone numbers, e-mail addresses, Internet Protocol ("IP") addresses, names, and to the extent available, geographic location information – from GoDaddy.com, LLC and Launchpad.com Inc. (the "Domain Name Registrars"), including any services used to anonymously register websites with the Domain Name Registrars, if necessary. GoDaddy.com, LLC is the registrar for GasBuds and 2020ediblez, and Launchpad.com Inc. is the registrar for Cannabis 420 Supply, though in all instances such identifying information is not available through the publicly-available "Domain Name Registration Data Lookup" service available at https://lookup.icann.org. Petersen Decl., ¶ 7.

If the information obtained from the Domain Name Registrars is not sufficient to identify the Unidentified Defendants – which may be the case if domain name registrars retain only the IP addresses and/or e-mail addresses associated with the Unidentified Defendants account holder – Wrigley intends to serve discovery on the relevant e-mail service providers, such as Google, and/or internet service providers ("ISPs") (together "Service Providers") to seek information to identify the individuals associated with the relevant IP addresses and/or e-mail addresses –

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

7

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

including telephone numbers, e-mail addresses, IP addresses, names, residential addresses, and billing addresses (to the extent different from the residential addresses).

Obtaining this information is the only way Wrigley can determine the Unidentified Defendants' true identities. Wrigley is informed and believes that this information is readily available to the Domain Name Registrars and Service Providers from data and documents they maintain in their regular course of business.

Wrigley thus now seeks leave of the Court to serve limited discovery, prior to holding a Rule 26(f) conference with all defendants in this matter, on Domain Name Registrars and Service Providers in order to identify the individuals that own and operate the websites known as GasBuds, Cannabis 420 Supply, and 2020ediblez (together, as used herein, the "Infringing Websites") for purposes of infringing on Wrigley's trademark rights and causing harm to the public with their sales of counterfeit and confusingly-similar cannabis products. Unless Wrigley is permitted to discover this information, Wrigley will not have the ability to protect its famous brands from ongoing and repeated infringement and the Unidentified Defendants will continue to engage in unfair business practices.

## III. COMPLIANCE WITH LOCAL RULE 7-19

Due to the nature of their operations and the measures taken by the Unidentified Defendants to remain anonymous, *see* Petersen Decl., ¶ 7; Mann Decl., ¶ 15, Wrigley has been unable to identify the Unidentified Defendants other than by their use of the domain names of the Infringing Websites, and thus does not know their names or addresses where they may be contacted. Furthermore, providing the Unidentified Defendants with notice of this Application will be prejudicial to Wrigley because it will afford the Unidentified Defendants the opportunity to destroy and/or secret away evidence pertinent to this matter and to take efforts to evade service of process once they have been identified. Petersen Decl., ¶¶ 9-11;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

8

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

Mann Decl., ¶¶ 15-16.  Accordingly, Wrigley has not contacted the Unidentified Defendants or their counsel, if any, of this Application and the Unidentified Defendants will not have an opportunity to oppose it.

Wrigley respectfully requests that this Court waive the notice requirements of Local Rule 7-19 as to the Unidentified Defendants pursuant to Local Rule 7-19.2, which allows this Court to waive such notice when the interest of justice so requires. Without the discovery sought in this Application, Wrigley will be unable to pursue its claims against those defendants it has been unable to identify, despite its good faith efforts to do so.

Though this Application seeks relief which does not pertain to those defendants that have appeared in this action, Joel Ledesma d/b/a Inland Empire 420 Supply and Steven Matta d/b/a OC 420 Collection, Wrigley has provided notice of the date and substance of this Application to counsel for those defendants.  As of the time of this filing, counsel for Mr. Matta has indicated that he does not intend to oppose this Application, while Wrigley has not received a response from counsel for Mr. Ledesma and does not know whether he intends to oppose this Application.  *See* Petersen Decl., ¶ 12-16, Exs. A-C.

## IV. ARGUMENT

Rule 26 permits discovery to be taken prior to a Rule 26 conference upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Courts have recognized that "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, the Ninth Circuit has explained that, where the defendants' identities are unknown to the plaintiff at the time the complaint is filed, "the plaintiff should be given an opportunity through discovery to identify the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

9

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

"In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as Doe Defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible." *Patrick Collins Inc. v. Doe*, CV 12-05267 JVS (RNBx), 2012 U.S. Dist. LEXIS 184227, *8-9 (C.D. Cal. Nov. 5, 2012) (citations omitted).

Each of these factors resolves in favor of granting Wrigley's requested relief.

### A. Defendants Can be Identified Based on Their Unique Domain Names.

Wrigley has sufficiently identified individuals who are real persons whom Wrigley could sue in this Court. Wrigley observed and documented infringement of its trademarks by the Unidentified Defendants operating the Infringing Websites. Furthermore, Wrigley believes that the Unidentified Defendants all conduct their businesses within this district and are capable of being sued in federal court. *See* Petersen Decl., ¶ 8.

Wrigley seeks from the Domain Name Registrars identifying information for the person(s) who registered the Infringing Websites. If that information includes e-mail addresses and/or IP addresses but Wrigley is otherwise unable to identify the Unidentified Defendants by name, along with an address at which to serve process, Wrigley will seek to obtain the identities of the individuals who registered for those

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

10

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

email addresses and/or IP addresses from the e-mail service providers and/or internet service providers.

Thus, the information Wrigley seeks can be used to identify a real person or entity who could be sued, and is necessary for Wrigley to determine the true names and addresses of the individuals who performed the infringing acts. *See Assef v. Doe*, Case No. 15-cv-01960-MEJ, 2015 U.S. Dist. LEXIS 69229, at *7 (N.D. Cal. May 28, 2015) (permitting expedited discovery of "names, addresses, telephone numbers, and email addresses, as well as the IP address" in order for plaintiff to discover the true identity of the defendant); *Solarbridge Techs., Inc. v. Doe*, No. C10-03769 LHK (HRL), 2010 U.S. Dist. LEXIS 97508, at *6-7 (N.D. Cal. Aug.27, 2010) (permitting expedited discovery on e-mail service providers of "registration, assignment, contact, billing and payment information, and any IP address information" related to the specified e-mail account, and authorizing plaintiff "to subpoena other hosts/ISPs identified in the responses to its subpoenas for registration, assignment, contact, billing and payment information for those IP addresses" so that plaintiff can identify the defendant).

**B.     Wrigley's Attempts to Identify the Unidentified Defendants Have Been Unsuccessful.**

Given the unscrupulous nature of the Unidentified Defendants' businesses, operating websites selling cannabis products that, at a minimum, counterfeit and/or infringe on trademarks owned by others and in packaging which illegally appeals to children and is easily confused with commercially sold candy products not containing cannabis, *see* Cal. Bus. & Prof. Code § 26130(c)(1), it is no surprise that the Unidentified Defendants have made efforts to conceal their identities. They have all shielded their identifying information from being available on the ICANN Lookup website, located at https://lookup.icann.org, which provides information on the owner of a domain name, by using services facilitating the anonymous registration of their domain names. Petersen Decl., ¶ 7. Wrigley has been unable to

locate any corporate entities or fictitious business names that might own the Infringing Websites through searches of the Secretary of State records of the various states. *Id.*, ¶¶ 4-5. When Wrigley's investigators made purchases of infringing products from the Infringing Websites, return addresses on the packages of shipped products revealed names for which no records could be found in investigative databases, such as Lexis. *Id.*, ¶¶ 4, 7. And phone numbers used by the Unidentified Defendants during the sales were untraceable "burner" phones. *Id.*, ¶ 7; Mann Decl., ¶ 6.

Moreover, unlike cases against Doe defendants who used BitTorrent or peer-to-peer file-sharing protocols, Wrigley has no way to identify the IP addresses associated with the infringing acts. Having exhausted all other avenues, the best and most reliable source for Wrigley to ascertain the identities of the Unidentified Defendants is by conducting third-party discovery directed to the Domain Name Registrars and, if necessary, Service Providers.

### C. Wrigley has Stated Valid Claims Against the Unidentified Defendants.

Wrigley has asserted prima facie federal claims against the Unidentified Defendants for counterfeiting, trademark infringement, trademark dilution, and unfair competition, and state claims for both statutory and common law unfair competition in addition to dilution. Specifically, Wrigley has alleged that it owns numerous federal registrations for its SKITTLES®, STARBURST®, and LIFE SAVERS® marks and has developed extensive common law trademark rights in those marks and associated trade dress (the "Wrigley Trademarks"). Cmplt., ¶¶ 18-43. Wrigley has further alleged that the Unidentified Defendants are engaged in the marketing, offering for sale, sale, and distribution of edible cannabis products that are sold in packaging utilizing marks and trade dress that are substantially similar to the Wrigley Trademarks or are likely to cause confusion, mistake, or deception as to source, affiliation, or sponsorship with Wrigley and the Wrigley Trademarks,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

12

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

without Wrigley's authorization. Cmplt., ¶¶ 54-59, 67-88; *see* 15 U.S.C. §§ 1114, 1125(a); *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014) (setting forth elements for trademark infringement).  Wrigley has also alleged that the Unidentified Defendants' conduct has caused, and will continue to cause, dilution of Wrigley's famous Wrigley Trademarks under both federal and California law, Cmplt., ¶¶ 89-95, 106-111; *see* 15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14247, and that the Unidentified Defendants are engaged in unfair competition under both federal and California law, Cmplt., ¶¶ 96-105, 112-116; *see* 15 U.S.C. § 1125(a)(1)(A); Cal. Bus. & Prof. Code §§ 17200, *et seq*.

### D. Defendants Can be Identified Based on Information in the Possession of the Domain Name Registrars.

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

#### 1. The Domain Name Registrars Maintain Defendants' Identifying Information.

Wrigley first requests authorization to obtain early discovery from the Domain Name Registrars, including any services used to anonymously register the Infringing Websites with the Domain Name Registrars, to obtain the names, addresses, telephone numbers, email addresses, IP addresses, and location information for the individual(s) who registered and used the Infringing Websites. *See Marketo, Inc. v. Doe*, Case No. 18-cv-06792-JSC, 2018 U.S. Dist. LEXIS 197169 (N.D. Cal. Nov. 19, 2018) (permitting expedited discovery from a domain name registrar to identify a doe defendant).

GoDaddy's website states that it collects information for its users in the process of creating an account, including name, address, e-mail address, and phone

numbers.  *See https://www.godaddy.com/help/how-we-use-your-data-27880*. Launchpad's website indicates that it collects information voluntarily provided by its users in the registration process, which may include the user's name, e-mail address, phone number, billing address and geographic location, and that it collects the user's IP address and geographic location, among other data, relating to the user's activity on Launchpad's websites.  *See https://www.endurance.com/privacy/privacy.*

Thus, the identifying information Wrigley seeks from the Domain Name Registrars should be available from data and documents they keep in their regular course of business.

### 2.     E-mail Service Providers Maintain Identifying Information.

Wrigley also requests authorization to obtain early discovery from the e-mail service providers for any e-mail addresses that may be identified by the Domain Name Registrars.  *See Solarbridge Techs., Inc. v. Doe*, No. C10-03769 LHK (HRL), 2010 U.S. Dist. LEXIS 97508, at *6-7 (N.D. Cal. Aug. 27, 2010) (permitting expedited discovery from e-mail service providers to obtain "registration, assignment, contact, billing and payment information, and any IP address information" related to the specified e-mail account, and authorizing plaintiff "to subpoena other hosts/ISPs identified in response to its subpoenas for registration, assignment, contact, billing and payment information for those IP addresses.")

There is a reasonable likelihood that this information will lead to the identification of the Unidentified Defendants, because most, if not all, of the widely-used e-mail service providers store information that identifies their users, including their IP addresses.  *See, e.g.,* Google Privacy Policy, https://policies.google.com/privacy?hl=en (Google may collect a user's name, IP addresses, billing information, telephone numbers, and location information).  Thus, the identifiable information Wrigley will seek from any e-mail service providers, if necessary following discovery from the Domain Name Registrars, is readily

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

14

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

available from data and documents the e-mail service providers keep in their regular course of business.

### 3. IP Addresses May be Used to Determine the Unidentified Defendants' Identities.

If Wrigley is unable to identify the Unidentified Defendants from the information it obtains from the Domain Name Registrars and, if necessary, e-mail service providers, Wrigley seeks the Court's authorization to subpoena the internet service providers ("ISPs") for information regarding the IP addresses that may be provided by the Domain Name Registrars and/or e-mail service providers, in order to obtain information that identifies the subscribers to whom the ISPs assigned those IP addresses. *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. Sept. 3, 2008) (permitting plaintiff to subpoena ISP associated with the identified IP address for "the name, current and permanent addresses, telephone numbers, e-mail addresses, and MAC Addresses… or similar information suitable to identify defendant").

The specific information Wrigley will request in any subpoenas issued to the ISPs is governed by 47 U.S.C. § 551, which bars cable operators from disclosing the personally identifiable information of its subscribers without that subscriber's expressed written consent, unless such subpoena is accompanied by "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). Wrigley therefore requests authorization to conduct this discovery, and moves this Court to issue the requisite Order directing the relevant ISPs to produce any and all documents and/or information sufficient to identify the subscriber of the assigned IP addresses provided by the Domain Name Registrars and/or e-mail service providers.

## V. CONCLUSION

For the foregoing reasons, Wrigley requests:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

15

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION

1. That the Court permit Wrigley to take discovery, prior to holding a Rule 26(f) conference, from non-party Domain Name Registrars GoDaddy.com, LLC and Launchpad.com Inc., including any services used to anonymously register the Infringing Websites with the Domain Name Registrars, to obtain identifying information for the owners and operators of the Infringing Websites – specifically, their names, addresses, e-mail addresses, IP addresses, telephone numbers, and geographic location information;

2. That if the information produced by the Domain Name Registrars is insufficient to identify the Unidentified Defendants by name and with an address sufficient to serve process, but includes e-mail addresses, to take early discovery from the e-mail service providers for information sufficient to identify the individuals who registered for and used each of the identified e-mail addresses, specifically, their names, addresses, telephone numbers, and IP addresses;

3. That if Wrigley is unable to identify the Unidentified Defendants by name and with an address sufficient to serve process following discovery to the Domain Name Registrars and e-mail service providers, but the information produced by the Domain Name Registrars and/or e-mail service providers includes IP addresses, to take early discovery from the ISPs controlling those IP addresses for information sufficient to identify the person billed for the internet usage associated with each of the identified IP addresses, specifically, their names, residential and billing addresses, e-mail addresses, and telephone numbers; and

4. That the Court issue an Order, pursuant to 47 U.S.C. § 551, directing the ISPs for said IP addresses, to produce documents and information sufficient to

/ / /
/ / /
/ / /
/ / /
/ / /

identify the subscribers of the identified IP addresses, specifically, their names, residential and billing addresses, e-mail addresses, and telephone numbers.

Dated:  June 23, 2021	LOEB & LOEB LLP

By: */s/ Kyle R. Petersen*
Douglas N. Masters
Kyle R. Petersen
Attorneys for Plaintiff
Wm. Wrigley Jr. Company

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20781232.6
208719-10057

17

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION