# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO CONDE d/b/a 2020EDIBLEZ, an individual; JOEL LEDESMA d/b/a INLAND EMPIRE 420 SUPPLY, an individual; JESSICA MOHR, an individual; STEVEN MATTA d/b/a OC 420 COLLECTION, an individual; DOE 1 d/b/a GASBUDS; DOE 2 d/b/a CANNABIS 420 SUPPLY; and DOES 3 through 10,<br><br>Defendants. | Case No. 5:21-cv-00777-JWH-SHKx<br><br>**ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY [ECF No. 27]** |

## I. INTRODUCTION

Before the Court is the *ex parte* application of Plaintiff Wm. Wrigley Jr. Company for expedited discovery.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court **GRANTS** the Application **in part** and **DENIES** the Application **in part**.

## II. BACKGROUND

Wrigley is a leading manufacturer of candy, and it owns many iconic brands, including SKITTLES®, STARBURST®, and LIFE SAVERS®.[2] Wrigley contends that "Defendants are misappropriating Wrigley's famous and federally-registered trademarks for use on edible cannabis candy products."[3] These allegedly unauthorized cannabis products "often contain genuine" SKITTLES®, STARBURST®, and LIFE SAVERS® candies infused with tetrahydrocannabinol, the main psychoactive compound in cannabis.[4]

Wrigley filed its Complaint on May 3, 2021.[5] The Complaint includes the following claims for relief: (1) Federal Counterfeiting; (2) Federal Trademark Infringement; (3) Federal Trademark Dilution; (4) Federal Unfair Competition; (5) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (6) Dilution in Violation of Cal. Bus. & Prof. Code § 14247; and (7) Common Law Unfair Competition.[6]

---

[1] *Ex parte* Application of Pl. Wm. Wrigley Jr. Company for Expedited Discovery (the "Application") [ECF No. 27].
[2] Compl. (the "Complaint") [ECF No. 1] ¶ 5.
[3] *Id.* at ¶ 6.
[4] *Id.*
[5] *See generally id.*
[6] *Id.* at ¶¶ 73-116.

On May 18, 2021, Wrigley filed a notice of proof of service on Defendant Joel Ledesma d/b/a Inland Empire 420 Supply.[7] On May 20, 2021, Wrigley filed a notice of proof of service on Defendant Steven Matta d/b/a Inland Empire 420 Supply.[8] In addition to the named defendants, the Complaint names Doe 1, which operates the website https://gasbuds.com; Doe 2, which operates the website https://cannabis420supply.com; and Doe 3, which operates the website https://2020ediblez.com (collectively, the "Doe Defendants").[9] Wrigley maintains that it has diligently attempted to "identify and serve process on the" Doe Defendants, but it has been unable to do so.[10] In its Application, Wrigley therefore requests "leave to take discovery, before holding a Rule 26(f) conference," to "discover the identities" of the Doe Defendants.[11] Specifically, Wrigley seeks to take discovery from domain name registrars—and if necessary, e-mail service providers and ISPs—to discover "the names, addresses, e-mail addresses, IP addresses, telephone numbers, and geographic location information" of the Doe Defendants.[12]

### III.  LEGAL STANDARD

"Although discovery proceedings generally take place only after the defendant has been served, a court may permit limited discovery to learn identifying facts necessary to permit service on the defendant where there is good cause." *Garrapata, LLC v. Norok Innovation, Inc.*, 2020 WL 7861985, at *1 (C.D. Cal. Sept. 15, 2020); *see also* Fed. R. Civ. P. 26(d)(1). "Good cause may

---

[7] Notice of Proof of Service on Def. Joel Ledesma d/b/a Inland Empire 420 Supply [ECF No. 19].
[8] Notice of Proof of Service on Def. Steven Matta d/b/a Inland Empire 420 Supply [ECF No. 20].
[9] Application at 5:9-15.
[10] *Id.*
[11] *Id.* at 5:4-6.
[12] *Id.* at 16:6-7.

be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "To justify limited discovery on a defendant's identity and location, the plaintiff must show good cause exists by (1) identifying the missing defendant with sufficient specificity such that it is clear that the defendant is either a real person or entity subject to the court's jurisdiction, (2) identifying all steps it has taken to locate the defendant, and (3) demonstrating that its suit could withstand a motion to dismiss." *Garrapata*, 2020 WL 7861985, at *1 (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999)). The plaintiff should also explain the "reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia*, 185 F.R.D. at 580.

## IV.  DISCUSSION

Wrigley has successfully shown good cause for its request to take expedited discovery.

First, Wrigley has identified the Doe Defendants with sufficient specificity. Wrigley seeks information from the domain name registrars regarding specific websites.[13] The Application includes a declaration from Robert Mann, an independent investigator employed by Worldwide Intelligence Network ("WIN").[14] Mann testifies that WIN attempted to order the alleged infringing products from the Doe Defendants' respective websites.[15] In each

---

[13]  *See, e.g., id.* at 10:24-11:2.
[14]  Decl. of Robert Mann in Supp. of Application (the "Mann Declaration") [ECF No. 27-3] ¶ 1.
[15]  *Id.* at ¶¶ 4-14.

case, WIN received follow-up communications from the websites.[16] With respect to GasBuds and 2020ediblez, WIN paid for and received the cannabis products.[17] The receipt of cannabis products within Los Angeles County or the postmark for products shipped in the mail indicate that the Doe Defendants are located within (or, at the very least, do business within) the Central District of California.[18] Wrigley has therefore identified the missing defendants with sufficient specificity.

Second, Wrigley identifies the steps that it has taken to locate the Doe Defendants. The Mann Declaration and the Petersen Declaration explain in detail the previous steps taken and why those steps failed to identify the Doe Defendants.[19]

Third, Wrigley has demonstrated that its Complaint is likely to withstand a motion to dismiss. For example, the Complaint includes images of allegedly unauthorized Wrigley products that appear to include designs and marks that are nearly identical to those of genuine Wrigley products.[20]

Fourth, Wrigley has explained why the specific discovery that it requests is necessary, and it has identified "a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information" that "would make service of process possible." *Columbia*, 185 F.R.D. at 580. Wrigley requests authorization to obtain expedited discovery from the services

---

[16]   *See id.*

[17]   *Id.* at ¶¶ 4, 12. The investigator was unable to complete the purchase from the Cannabis 420 Supply website. *Id.* at ¶ 8.

[18]   *See* Decl. of Kyle Petersen in Supp. of Application (the "Petersen Declaration") [ECF No. 27-2] ¶ 8.

[19]   Mann Declaration at ¶¶ 3-16; Petersen Declaration at ¶¶ 2-7.

[20]   *See* Complaint at ¶¶ 46, 48, 50, 58, 68, & 71.

used to register the allegedly infringing websites.[21] Specifically, Wrigley seeks information from GoDaddy.com, LLC, which is the registrar for GasBuds and 2020ediblez, and from Launchpad.com Inc., which is the registrar for Cannabis 420 Supply.[22] Wrigley provides citations to websites that indicate that GoDaddy and Launchpad collect the type of identifying information that may allow the Doe Defendants to be identified and served.[23] Accordingly, the Court concludes that Wrigley has met the fourth requirement for expedited discovery under *Columbia*.

In sum, Wrigley has shown good cause to take early discovery.

## V. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Application is **GRANTED in part** and **DENIED in part**.

2. Wrigley is excused from the meet-and-confer requirements of Rule 26 of the Federal Rules of Civil Procedure, and it may conduct limited discovery from domain name registrars GoDaddy.com, LLC and Launchpad.com Inc.—including any services used to register websites anonymously with GoDaddy.com, LLC and Launchpad.com Inc.—for the sole purpose of ascertaining the identities of DOE 1 d/b/a GASBUDS; DOE 2 d/b/a CANNABIS 420 SUPPLY; and DOE 3, who Wrigley has identified as an individual or individuals that own, operate, direct, or control the website known as 2020ediblez, located at https://2020ediblez.com/ (collectively, the "Doe Defendants"). Wrigley may seek from GoDaddy.com, LLC and from Launchpad.com Inc. identifying information for the Doe Defendants; specifically, their names, residential and billing addresses, e-mail addresses,

---

[21] Application at 13:19-23.
[22] *See id.* at 7:17-19.
[23] *See id.* at 13:27-14:7.

Internet Protocol addresses, telephone numbers, and geographic location information.

3. Wrigley's remaining requests are **DENIED without prejudice**. If Wrigley is unable to identify the Doe Defendants using the information that it obtains from the domain registrars, then it may apply *ex parte* to take further early discovery. Any such *ex parte* application should provide an update on Wrigley's efforts to obtain identifying information regarding the Doe Defendants and explain why further discovery is need.

**IT IS SO ORDERED.**

Dated: June 30, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE