DOUGLAS N. MASTERS (*pro hac vice*)
dmasters@loeb.com
LOEB & LOEB LLP
321 N. Clark St., Suite 2300
Chicago, IL 60654
Telephone: 312.464.3100
Facsimile: 312.464.3111

KYLE R. PETERSEN (SBN 307483)
kpetersen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff
WM. WRIGLEY JR. COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO CONDE d/b/a 2020EDIBLEZ, an individual; JOEL LEDESMA d/b/a INLAND EMPIRE 420 SUPPLY, an individual; JESSICA MOHR, an individual; STEVEN MATTA d/b/a OC 420 COLLECTION, an individual; DOE 1 d/b/a GASBUDS; DOE 2 d/b/a CANNABIS 420 SUPPLY; and DOES 3 through 10,<br><br>Defendants. | Case No.: 5:21-cv-00777 JWH (SHKx)<br><br>Assigned to Hon. John W. Holcomb<br><br>**STIPULATION AND FINAL JUDGMENT BY CONSENT INCLUDING PERMANENT INJUNCTIVE RELIEF RE: DEFENDANT STEVEN MATTA D/B/A OC 420 COLLECTION**<br><br>Complaint Filed: May 3, 2021<br>Trial Date: October 31, 2022 |

This matter having come before the Court for the entry of Final Judgment against defendant Steven Matta d/b/a OC 420 Collection (the correct spelling of which, as stated in his answer [Dkt. 35], is Stephan Mata) ("Mata"), with the consent of plaintiff Wm. Wrigley Jr. Company ("Wrigley") and Mata (Wrigley and Mata are collectively referred to herein as the "Parties," and each individually as a "Party"), it is ORDERED, ADJUDGED, and DECREED as follows:

1.  Mata has been properly served and consents to the Court exercising personal jurisdiction over him. Mata waives all defenses of lack of jurisdiction over his person, improper venue, insufficiency of process, and insufficiency of service of process.

2.  This Court has subject matter jurisdiction over this action.

3.  The Parties agree to submit to the jurisdiction of this Court to enforce the provisions of this Stipulation and Final Judgment by Consent worldwide.

4.  Plaintiff Wrigley is a Delaware corporation with its principal place of business at 1132 West Blackhawk Street, Chicago, Illinois 60642.

5.  Defendant Mata is an individual residing in Orange County, California and has at all relevant times directed and controlled the complained of activities by the business known as OC 420 Collection ("OC420"), which conducts its operations through the website located at https://oc420collection.com.

6.  Wrigley is a recognized global leader in confections and, together with its affiliates, offers a wide range of product offerings including gum, mints, and candies. Wrigley markets products under dozens of well-known, distinctive, and famous brands, including SKITTLES®, STARBURST®, LIFE SAVERS®, DOUBLEMINT®, and JUICY FRUIT®, to name a few.

7.  Wrigley and its predecessors have long marketed candy and related products under the famous SKITTLES® mark and trade dress, which features, among other things, the word mark SKITTLES® in white block lettering, distinctive rainbow designs, distinctive candy-coated lentils with an "S" imprinted thereon, and

a cascade design of these candy lentils (hereinafter referred to as the "Skittles Trade Dress"), examples of which are shown below:







Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

3

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA

8. For 50 years, Wrigley and its predecessors-in-interest have continuously used the SKITTLES® mark to advertise, promote, and sell candy throughout the United States.

9. Wrigley has earned billions of dollars in revenues from the sale of SKITTLES® candy in the United States. Many millions of people throughout the country have purchased or consumed SKITTLES® candy. In fact, SKITTLES® candy has been the best-selling non-chocolate candy in the United States for years.

10. Wrigley has invested many millions of dollars to promote SKITTLES® candy. Wrigley's advertisements and commercials for SKITTLES® have been seen by many millions of people nationwide. Wrigley advertises SKITTLES® candy during the Super Bowl and other highly watched events.

11. Based on the wide-spread and long-standing use and recognition of the SKITTLES® brand, Wrigley enjoys extensive trademark rights in the SKITTLES® mark and the Skittles Trade Dress.

12. Wrigley owns numerous federal registrations for its SKITTLES® mark and the Skittles Trade Dress, including, but not limited to, U.S. Reg. Nos. 1,221,105; 2,535,714; 4,377,303; and 4,983,664 (such federal registrations, collectively with the common law trademark rights in the SKITTLES® mark and Skittles Trade Dress, are hereinafter referred to as the "SKITTLES® Mark and Trade Dress").

13. Similarly, Wrigley and its predecessors have long marketed candy and related products under the famous STARBURST® mark and trade dress, which features, among other things, the word mark STARBURST® in stylized lettering and distinctive wrappers with an "S" imprinted thereon (hereinafter referred to as the "Starburst Trade Dress"), examples of which are shown below:





14. For 50 years, Wrigley and its predecessors-in-interest have continuously used the STARBURST® mark to advertise, promote, and sell candy throughout the United States.

15. Wrigley has earned billions of dollars in revenue from the sale of STARBURST® candy in the United States. Many millions of people throughout the country have purchased or consumed STARBURST® candy.

16. Wrigley has invested many millions of dollars to promote STARBURST® candy. Wrigley's advertisements and commercials for STARBURST® have been seen by many millions of people nationwide.

17. Based on the wide-spread and long-standing use and recognition of the STARBURST® brand, Wrigley enjoys extensive trademark rights in the STARBURST® mark and the Starburst Trade Dress.

18. Wrigley owns numerous federal registrations for its STARBURST® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 1,000,007; 1,545,544; 4,179,436; 4,268,392; and 4,625,960 (such federal registrations, collectively with the common law trademark rights in the STARBURST® mark and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA

Starburst Trade Dress, are hereinafter referred to as the "STARBURST® Mark and Trade Dress").

19. Each of the above-referenced trademark registrations are valid, subsisting, and in full force under 15 U.S.C. § 1065, and, together with Wrigley's extensive common law rights, make the SKITTLES® Mark and Trade Dress and STARBURST® Mark and Trade Dress (collectively, the "Wrigley Trademarks") valuable assets owned by Wrigley.

20. Mata, doing business as OC420, is engaged in the marketing, offering for sale, sale, and distribution of edible cannabis candy products.

21. Mata used the Wrigley Trademarks, without authorization or license, in the marketing of his products.

22. Specifically, Mata has marketed, offered for sale, sold, and distributed the products online via the OC420 website, located at https://oc420collection.com, which violate Wrigley's rights in the Wrigley Trademarks. Those products include: (1) "Medicated Skittles" (sold in four flavors: "Original," "Sour," "Wild Berry," and "Seattle Mix"); (2) "Medicated Cannaburst Gummies" (sold in three flavors: "Original Sours," "Berry Sours," and "Tropical"); and (3) a "Munchies Edible Deal" which includes a package of the "Cannaburst Gummies." These products, collectively referred to as the "OC420 Infringing Products," are pictured below as they appear or appeared on OC420's website:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

6

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA




Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

7

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA



23. With respect to the SKITTLES® Mark and Trade Dress, Mata adopted and used the SKITTLES mark in plain text and white block lettering, distinctive rainbow designs, images of candy-coated lentils with an "S" imprinted thereon, and/or a design featuring such candy lentils cascading along an upside-down rainbow, marks and trade dress that are identical to, substantially indistinguishable from, and/or imitations of the SKITTLES® Mark and Trade Dress and the marks and logos in the SKITTLES® registrations.

24. With respect to the STARBURST® Mark and Trade Dress, Mata adopted and used the "Cannaburst" mark with stylized lettering and images of square candies with a stylized "S" imprinted thereon, marks and trade dress that are identical to, substantially indistinguishable from, and/or imitations of the

STARBURST® Mark and Trade Dress and the marks and logos in the STARBURST® registrations.

25. Mata took such actions with full knowledge of, and in willful disregard of, Wrigley's intellectual property rights, and with the intent to take advantage of the good will that Wrigley has developed in the Wrigley Trademarks.

26. Mata's complained-of acts above constitute the following:

    a. Counterfeiting of the Wrigley Trademarks in violation of 15 U.S.C. § 1114;

    b. Infringement of the Wrigley Trademarks in violation of 15 U.S.C. §§ 1114 and 1125(a);

    c. Dilution of the inherently distinctive and famous Wrigley Trademarks in violation of 15 U.S.C. § 1125(c);

    d. Unfair competition and deceptive acts and practices in violation of 15 U.S.C. § 1125(a)(1)(A);

    e. Unlawful, unfair, and/or fraudulent acts or business practices, including unfair, deceptive, untrue, and misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq.*;

    f. Dilution of the inherently distinctive and famous Wrigley Trademarks in violation of California Business and Professions Code § 14247;

    g. Unfair competition and deceptive acts and practices in violation of common law.

27. This is an exceptional case in accordance with 15 U.S.C. § 1117.

28. Mata, in his capacity both as an individual and as the proprietor of OC420, and his/its respective officers, agents, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or in participation with or

affiliated with Mata and/or OC420, jointly and severally, are permanently enjoined and restrained:

    a. From directly or indirectly engaging in any further trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, or deceptive business practices relating to the Wrigley Trademarks, including the SKITTLES® Mark and Trade Dress and the STARBURST® Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

    b. From making, manufacturing, advertising, marketing, offering, selling, or distributing any products that feature, copy, imitate, simulate, or are confusingly similar to, or are likely to dilute the distinctive nature of, or tarnish the goodwill of, the Wrigley Trademarks, including the SKITTLES® Mark and Trade Dress and the STARBURST® Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

    c. From representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Mata and/or OC420 are associated with, sponsored by, licensed by, and/or connected or affiliated with Wrigley, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of purchasers as to the origin or licensing of Mata's and/or OC420's products or services;

    d. From otherwise competing unfairly with Wrigley in any manner or engaging in deceptive conduct;

    e. From continuing to perform in any manner whatsoever any of the acts complained of in the Complaint as to Wrigley; and

    f. From causing, engaging in or permitting others to do any of the aforesaid acts.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA

29. Within thirty (30) days of the entry of this Final Judgment, Mata shall file with the Court and serve on counsel for Wrigley a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Mata, in his capacity as an individual and as the proprietor of OC420, has complied with the permanent injunction.

30. Mata, in his capacity as an individual and as the proprietor of OC420, shall immediately recall from all distribution channels any products, packaging, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, including the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley.

31. Mata, in his capacity as an individual and as the proprietor of OC420, shall immediately deliver to Wrigley's counsel for destruction any products, packaging, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, including the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley, pursuant to 15 U.S.C. § 1118.  Any electronic equivalents of such materials shall be immediately deleted.

32. Mata, in his capacity as an individual and as the proprietor of OC420, shall immediately cease sales of the products described above on the OC420 website, located at https://oc420collection.com, and in any other locations on the Internet, including other websites owned or operated by Mata or any of his affiliates, and any social media platforms owned or operated by Mata or any of his affiliates.

33. Mata shall immediately account for and disgorge to Wrigley all profits wrongfully derived by his unlawful conduct and pay to Wrigley:

    a. All monetary actual and/or statutory damages sustained and to be sustained by Wrigley as a consequence of Mata's unlawful conduct, including, without limitation, statutory damages in the amount of $2,000,000 per counterfeit mark per type of goods

      sold, offered for sale, or distributed pursuant to 15 U.S.C.

      § 1117(c)(2), lost profits, and corrective advertising damages;

  b.  All profits, gains, and advantages obtained by Mata from his unlawful conduct;

  c.  Exemplary damages, including treble damages resulting from Mata's unlawful conduct;

  d.  Pre-judgment interest on all damages; and

  e.  Wrigley's costs and disbursements in this action, including its reasonable attorneys' fees.

34. Mata's wrongful conduct is deemed to be willful and malicious and this judgment is, therefore, non-dischargeable in the event he files for bankruptcy, pursuant to 11 U.S.C. § 523(a)(6).

35. The Parties shall comply with the terms of the confidential settlement agreement entered into by and between the Parties and executed concurrently with their stipulation to this Final Judgment by Consent (the "Settlement Agreement"), the terms of which are incorporated herein by reference.

36. This Final Judgment by Consent shall have no effect on any of Wrigley's claims against any other defendants to this action besides Mata. Notwithstanding the foregoing, this Court shall retain jurisdiction over this action, as it relates to Mata, to enforce this Final Judgment by Consent and the terms of the Settlement Agreement.

**STIPULATED AND AGREED TO:**

The Parties have stipulated to this Final Judgment by Consent, as indicated by their signatures below:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA

|  |  |
|---|---|
| **PLAINTIFF** | **DEFENDANT** |
| WM. WRIGLEY JR. COMPANY | STEPHAN MATA D/B/A OC 420 COLLECTION |
| By: _____ | _____ |
| Name: _____ | Date: _____ |
| Title: _____ |  |
| Date: _____ |  |

**APPROVED AS TO FORM:**

Dated: March 15, 2022

**LOEB & LOEB LLP**
**DOUGLAS N. MASTERS**
**KYLE R. PETERSEN**

By: */s/ Kyle R. Petersen*
    Douglas N. Masters
    Kyle R. Petersen
    Attorneys for Plaintiff
    Wm. Wrigley Jr. Company

Dated: March 15, 2022

**ADLI LAW GROUP P.C.**
**JONATHAN LANDIS**
**JACOB MOJARRO**

By: */s/ Jonathan Landis*
    Jonathan Landis
    Jacob Mojarro
    Attorneys for Defendant
    Steven Matta d/b/a OC 420 Collection

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
The Honorable Judge John W. Holcomb
UNITED STATES DISTRICT JUDGE

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA

| PLAINTIFF | DEFENDANT |
|---|---|
| WM. WRIGLEY JR. COMPANY<br>By: *(signature)*<br>Name: PHILIPPE CLAUDE<br>Title: Associate General Counsel<br>Date: 03/07/2022 | STEPHAN MATA D/B/A OC 420 COLLECTION<br>*(signature)*<br>Date: 02/02/2022 |

**APPROVED AS TO FORM:**

Dated: _____, 2022

**LOEB & LOEB LLP**
**DOUGLAS N. MASTERS**
**KYLE R. PETERSEN**

By:_____
Douglas N. Masters
Kyle R. Petersen
Attorneys for Plaintiff
Wm. Wrigley Jr. Company

Dated: _____, 2022

**ADLI LAW GROUP P.C.**
**JONATHAN LANDIS**
**JACOB MOJARRO**

By:_____
Jonathan Landis
Jacob Mojarro
Attorneys for Defendant
Steven Matta d/b/a OC 420 Collection

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
The Honorable Judge John W. Holcomb
UNITED STATES DISTRICT JUDGE

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA

## SIGNATURE ATTESTATION

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all of the signatories listed above, and on whose behalf this Stipulation and Final Judgment by Consent is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 15, 2022

**LOEB & LOEB LLP**
**DOUGLAS N. MASTERS**
**KYLE R. PETERSEN**

By: */s/ Kyle R. Petersen*
   Douglas N. Masters
   Kyle R. Petersen
   Attorneys for Plaintiff
   Wm. Wrigley Jr. Company

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14

STIPULATION AND FINAL JUDGMENT
BY CONSENT RE: STEVEN MATTA