1  DOUGLAS N. MASTERS (*pro hac vice*)
   dmasters@loeb.com
2  LOEB & LOEB LLP
   321 N. Clark St., Suite 2300
3  Chicago, IL  60654
   Telephone:  312.464.3100
4  Facsimile:  312.464.3111

5  KYLE R. PETERSEN (SBN 307483)
   kpetersen@loeb.com
6  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
7  Los Angeles, CA  90067
   Telephone:  310.282.2000
8  Facsimile:  310.282.2200

9  Attorneys for Plaintiffs
   WM. WRIGLEY JR. COMPANY
10 and MARS, INCORPORATED

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13

14

15 | WM. WRIGLEY JR. COMPANY, a | Case No.: 5:21-cv-00777 JWH
   Delaware corporation; and MARS, | (SHKx)
16 INCORPORATED, a Delaware
   corporation, | Assigned to Hon. John W. Holcomb
17
              Plaintiffs,
18                                 | **FIRST AMENDED COMPLAINT**
      v.                           | **FOR:**
19
   ROBERTO CONDE d/b/a             | **(1) FEDERAL**
20 2020EDIBLEZ, an individual; JOEL | **COUNTERFEITING;**
   LEDESMA d/b/a INLAND EMPIRE
21 420 SUPPLY, an individual; JESSICA | **(2) FEDERAL TRADEMARK**
   MOHR, an individual; STEPHEN    | **INFRINGEMENT;**
22 MATA d/b/a OC 420 COLLECTION,
   an individual; YAUHENIYA LIS d/b/a | **(3) FEDERAL TRADEMARK**
23 GASBUDS, an individual; EDWARD  | **DILUTION;**
   AWAD d/b/a CANNABIS 420
24 SUPPLY, an individual; GREEN RUSH | **(4) FEDERAL UNFAIR**
   EXTRACTS LLC, a California limited | **COMPETITION;**
25 liability company; MARCO BURGOS
   d/b/a 2020EDIBLEZ, an individual; and | **(5) UNFAIR COMPETITION IN**
26 DOES 4 through 10,               | **VIOLATION OF CAL. BUS. &**
                                    | **PROF. CODE § 17200, *ET SEQ.*;**
27            Defendants.
                                    | **(6) DILUTION IN VIOLATION**
28                                  | **OF CAL. BUS. & PROF.**
                                    | **CODE § 14247; AND**

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

FIRST AMENDED COMPLAINT

1

2

3

4

**(7)  COMMON LAW UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

**FIRST AMENDED COMPLAINT**

Plaintiffs Wm. Wrigley Jr. Company ("Wrigley") and Mars, Incorporated ("Mars" and, together with Wrigley, "Plaintiffs"), by and through their attorneys, Loeb & Loeb LLP, for their complaint against[1]:

- Marco Burgos d/b/a 2020ediblez ("2020ediblez");
- Joel Ledesma d/b/a Inland Empire 420 Supply ("IE420") and Jessica Mohr ("Mohr") (collectively, the "IE420 Defendants")[2];
- Stephen Mata d/b/a OC 420 Collection ("OC420")[3];
- Yauheniya Lis d/b/a GasBuds ("GasBuds");
- Edward Awad d/b/a Cannabis 420 Supply ("Cannabis 420");
- Green Rush Extracts, LLC ("Green Rush"); and
- DOES 4-10

(2020ediblez, the IE420 Defendants, OC420, GasBuds, Cannabis 420, Green Rush, and DOES 4-10 are collectively referred to herein as "Defendants") hereby allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over Plaintiffs' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Plaintiffs' claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  Plaintiffs' state law claims arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] On March 23, 2022, Wrigley filed a notice of dismissal dismissing Roberto Conde from this action.  [Dkt. 65.]

[2] On March 23, 2022, Wrigley filed a stipulation to dismiss Joel Ledesma and Jessica Mohr from this action.  [Dkt. 64.]

[3] On March 15, 2022, Wrigley filed a request to approve a consent judgment against Stephen Mata.  [Dkt. 63.]

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

3

FIRST AMENDED COMPLAINT

2.     This Court has personal jurisdiction over the named individual defendants because they each are domiciled in the State of California and within this District.  Moreover, each of the Defendants have had continuous, systematic, and substantial contacts with the State of California, including transacting business in California and within this District.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## NATURE OF THE ACTION

4.     This is a civil action seeking damages and injunctive relief for willful trademark counterfeiting, trademark infringement, dilution, and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), unfair competition under California state law, Cal. Bus. & Prof. Code § 17200, *et seq.*, dilution in violation of Cal. Bus. & Prof. Code § 14247, and common law unfair competition.

5.     Wrigley was founded in 1891 in Chicago, Illinois and has become a leading manufacturer of candy and owns many iconic brands, including SKITTLES®, STARBURST®, and LIFE SAVERS®.  For decades, Wrigley has sold SKITTLES®, STARBURST®, and LIFE SAVERS® candies to customers throughout the United States.

6.     Mars was founded in 1911 as Mars Candy Factory Inc. and was incorporated in the State of Delaware in 1952.  Mars has become a leading manufacturer of chocolate and candy and owns many iconic brands, including SNICKERS®, 3 MUSKETEERS®, MILKY WAY®, M&M'S®, DOVE®, and TWIX®.  For decades, Mars has sold SNICKERS®, 3 MUSKETEERS®, MILKY WAY®, M&M'S®, DOVE®, and TWIX® products, and other brands of candy, to customers throughout the United States.

7.     Plaintiffs bring this action to stop a serious and potentially dangerous violation of their famous SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, 3 MUSKETEERS®, and MILKY WAY® trademarks.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

4

FIRST AMENDED COMPLAINT

8.      Defendants are misappropriating Plaintiffs' famous and federally-registered trademarks for use on edible cannabis candy products.  These products, which often contain genuine SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, 3 MUSKETEERS®, and MILKY WAY® candies and/or chocolate infused with or otherwise containing tetrahydrocannabinol ("THC"), the main psychoactive component of cannabis, are marketed and sold to consumers—all without Plaintiffs' authorization.

9.      Defendants' unauthorized and infringing use of Plaintiffs' famous trademarks endangers the public and is likely to cause confusion and damage Plaintiffs' valuable rights.  Defendants' unlawful actions are a danger to children and adults who may mistakenly ingest the edible cannabis products thinking them to be Plaintiffs' genuine SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, 3 MUSKETEERS®, or MILKY WAY® products, when they are not, and unknowingly and unwillingly subjecting themselves to doses of THC, sometimes in very large and unsafe quantities.  Tragically, news reports validate these concerns, indicating an increasing number of incidents where children have mistaken cannabis edibles for candy, sometimes requiring hospitalization.

10.     Plaintiffs bring this action to stop Defendants' conduct that causes irreparable injury to Plaintiffs, deceives the public as to the source and sponsorship of Defendants' products, and harms the public, including customers in California.

## THE PARTIES

11.     Wrigley is a Delaware corporation with its principal place of business in Chicago, Illinois.

12.     Mars is a Delaware corporation with its principal place of business in McLean, Virginia.

13.     Upon information and belief, defendant Marco Burgos d/b/a 2020ediblez is an individual residing in Riverside County, California.  Plaintiffs are informed and believe that Marco Burgos owns a business known as 2020ediblez,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

5

FIRST AMENDED COMPLAINT

which conducts and/or conducted its operations through the website located at https://www.2020ediblez.com/, and that he has at all times directed and controlled the complained of activities by 2020ediblez.

14.     Upon information and belief, defendant Joel Ledesma d/b/a Inland Empire 420 Supply is an individual residing in Riverside County, California. Plaintiffs are informed and believe that Joel Ledesma owns a business known as Inland Empire 420 Supply, which conducts its operations through the website located at https://www.ie420supply.com/, and that he has at all times directed and controlled the complained of activities by IE420.

15.     Upon information and belief, defendant Jessica Mohr is an individual residing in Riverside County, California.  Plaintiffs are informed and believe that Jessica Mohr has at all times directed and controlled the complained of activities by IE420.

16.     Upon information and belief, defendant Stephen Mata d/b/a OC 420 Collection is an individual residing in Orange County, California.  Plaintiffs are informed and believe that Stephen Mata owns a business known as OC 420 Collection, which conducts its operations through the website located at https://www.oc420collection.com/, and that he has at all times directed and controlled the complained of activities by OC420.

17.     Upon information and belief, defendant Yauheniya Lis d/b/a GasBuds is an individual residing in Los Angeles County, California.  Plaintiffs are informed and believe that Yauheniya Lis owns a business known as GasBuds, which conducts its operations through the website located at https://www.gasbuds.com/, and that she has at all times directed and controlled the complained of activities of GasBuds.

18.     Upon information and belief, defendant Edward Awad d/b/a Cannabis 420 Supply is an individual residing in San Bernardino County, California. Plaintiffs are informed and believe that Edward Awad owns a business known as Cannabis 420 Supply, which conducts and/or conducted its operations through the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

6

FIRST AMENDED COMPLAINT

website located at https://www.cannabis420supply.com/, and that he has at all times directed and controlled the complained of activities of Cannabis 420.  Plaintiffs are also informed and believe that Edward Awad is the owner of defendant Green Rush Extracts LLC and that he has at all times directed and controlled the complained of activities of Green Rush.

19.     Upon information and belief, defendant Green Rush Extracts LLC, a California limited liability company with its principal place of business in Redlands, California, is a business conducting its operations through the website located at https://greenrushextracts.org/.  Plaintiffs are informed and believe that Green Rush is owned, directed, and controlled by defendant Edward Awad.

20.     Upon information and belief, DOES 4-10 are individuals and/or business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor.  The identities of DOES 4-10 are presently not and cannot be known to Plaintiffs, but Plaintiffs will amend this complaint to show the true names and capacities of DOES 4-10 once such information is ascertained.

21.     Upon information and belief, at all times mentioned herein, each of DOES 4-10 was the agent, servant, subsidiary, partner, member, associate, co-conspirator, representative, aider and abettor or employee of one or more of Defendants, and in connection with the conduct alleged herein, was acting within the course and scope of such relationship, and that each and every act, omission, and thing done by each of DOES 4-10 was ratified by one or more of Defendants.

## GENERAL ALLEGATIONS

### I.     PLAINTIFFS' FAMOUS TRADEMARKS

#### A.     Wrigley's Trademarks

22.     Wrigley is a recognized global leader in confections and, together with its affiliates, offers a wide range of product offerings including gum, mints, and candies.  Wrigley markets products under dozens of well-known, distinctive, and

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

7

FIRST AMENDED COMPLAINT

famous brands, including SKITTLES®, STARBURST®, DOUBLEMINT®, JUICY FRUIT®, and LIFE SAVERS®, to name a few.

23.    Wrigley and its predecessors have long marketed candy and related products under the famous SKITTLES® mark and trade dress, which features, among other things, the word mark SKITTLES® in white block lettering, distinctive rainbow designs, distinctive candy-coated lentils with an "S" imprinted thereon, and a cascade design of these candy lentils (hereinafter referred to as the "Skittles Trade Dress"), examples of which are shown below:







Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

8

FIRST AMENDED COMPLAINT

24.     For 50 years, Wrigley and its predecessors-in-interest have continuously used the SKITTLES® mark to advertise, promote, and sell candy throughout the United States.

25.     Wrigley has earned billions of dollars in revenues from the sale of SKITTLES® candy in the United States.  Many millions of people throughout the country have purchased or consumed SKITTLES® candy.  In fact, SKITTLES® candy has been the best-selling non-chocolate candy in the United States for years.

26.     Wrigley has invested many millions of dollars to promote SKITTLES® candy.  Wrigley's advertisements and commercials for SKITTLES® have been seen by many millions of people nationwide.  Wrigley advertises SKITTLES® candy during the Super Bowl and other highly watched events.

27.     Based on the wide-spread and long-standing use and recognition of the SKITTLES® brand, Wrigley enjoys extensive trademark rights in the SKITTLES® mark and the Skittles Trade Dress.

28.     Wrigley owns numerous federal registrations for its SKITTLES® mark and the Skittles Trade Dress, including, but not limited to, U.S. Reg. Nos. 1,221,105; 2,535,714; 4,377,303; and 4,983,664 (such federal registrations, collectively with the common law trademark rights in the SKITTLES® mark and Skittles Trade Dress, are hereinafter referred to as the "SKITTLES® Mark and Trade Dress").

29.     Similarly, Wrigley and its predecessors have long marketed candy and related products under the famous STARBURST® mark and trade dress, which features, among other things, the word mark STARBURST® in stylized lettering and distinctive wrappers with an "S" imprinted thereon (hereinafter referred to as the "Starburst Trade Dress"), examples of which are shown below:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations





30.    For 50 years, Wrigley and its predecessors-in-interest have continuously used the STARBURST® mark to advertise, promote, and sell candy throughout the United States.

31.    Wrigley has earned billions of dollars in revenue from the sale of STARBURST® candy in the United States.  Many millions of people throughout the country have purchased or consumed STARBURST® candy.

32.    Wrigley has invested many millions of dollars to promote STARBURST® candy.  Wrigley's advertisements and commercials for STARBURST® have been seen by many millions of people nationwide.

33.    Based on the wide-spread and long-standing use and recognition of the STARBURST® brand, Wrigley enjoys extensive trademark rights in the STARBURST® mark and the Starburst Trade Dress.

34.    Wrigley owns numerous federal registrations for its STARBURST® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 1,000,007;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

10

FIRST AMENDED COMPLAINT

1,545,544; 4,179,436; 4,268,392; and 4,625,960 (such federal registrations, collectively with the common law trademark rights in the STARBURST® mark and Starburst Trade Dress, are hereinafter referred to as the "STARBURST® Mark and Trade Dress").

35.    Additionally, Wrigley and its predecessors have long marketed candy and related products under the famous LIFE SAVERS® mark and trade dress, which features, among other things, the word mark LIFE SAVERS® in stylized lettering and distinctive circular candies with "LIFE SAVERS" imprinted thereon (hereinafter referred to as the "Life Savers Trade Dress").  An example of LIFE SAVERS® packaging is shown below:



36.    For 50 years, Wrigley and its predecessors-in-interest have continuously used the LIFE SAVERS® mark to advertise, promote, and sell candy throughout the United States.

37.    Wrigley has earned billions of dollars in revenue from the sale of LIFE SAVERS® candy in the United States.  Many millions of people throughout the country have purchased or consumed LIFE SAVERS® candy.

38.    Wrigley has invested many millions of dollars to promote LIFE SAVERS® candy.  Wrigley's advertisements and commercials for LIFE SAVERS® have been seen by many millions of people nationwide.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

11

FIRST AMENDED COMPLAINT

39.     Based on the wide-spread and long-standing use and recognition of the LIFE SAVERS® brand, Wrigley enjoys extensive trademark rights in the LIFE SAVERS® mark and the Life Savers Trade Dress.

40.     Wrigley owns numerous federal registrations for its LIFE SAVERS® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 115,895; 236,694; 1,130,067; 2,358,709; 4,214,036; and 4,769,489 (such federal registrations, collectively with the common law trademark rights in the LIFE SAVERS® mark and Life Savers Trade Dress, are hereinafter referred to as the "LIFE SAVERS® Mark and Trade Dress").

**B.     MARS' TRADEMARKS**

41.     Mars is a recognized global leader in chocolates, confections and other food products.  Mars offers a wide range of product offerings, including chocolate bars, under dozens of well-known, distinctive, and famous brands, including SNICKERS®, 3 MUSKETEERS®, MILKY WAY®, M&M'S®, and TWIX®, to name a few.

42.     Mars has long marketed candy and related products under the famous SNICKERS® mark and trade dress, which features, among other things, the word mark SNICKERS® in blue block lettering in a parallelogram outlined in red (hereinafter referred to as the "Snickers Trade Dress"), examples of which are shown below:



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

12

FIRST AMENDED COMPLAINT





43.     For almost 100 years, Mars has continuously used the SNICKERS® mark to advertise, promote, and sell chocolate bars throughout the United States.

44.     Mars has earned billions of dollars in revenues from the sale of SNICKERS® candy and other SNICKERS® branded products in the United States. Many millions of people throughout the country have purchased or consumed SNICKERS® candy and other SNICKERS® branded products.  In fact, the SNICKERS® chocolate bar has been one of the best-selling chocolate bars in the United States for years.

45.     Mars has invested many millions of dollars to promote SNICKERS® candy.  Mars' advertisements and commercials for SNICKERS® have been seen by many millions of people nationwide.  Mars has advertised SNICKERS® candy during the Super Bowl and other highly watched events.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations
21079879.12
208719-10057
13
FIRST AMENDED COMPLAINT

46.     Based on the wide-spread and long-standing use and recognition of the SNICKERS® brand, Mars enjoys extensive trademark rights in the SNICKERS® mark and the Snickers Trade Dress.

47.     Mars owns numerous federal registrations for its SNICKERS® mark, parallelogram design, and chocolate bar design, including, but not limited to, U.S. Reg. Nos. 239,311; 1,270,149; 1,563,583; 1,593,286; 2,061,849; 2,082,946; 2,104,555; 2,911,432; 3,063,755; 3,120,788; 5,047,574; 6,465,002; and 6,480,397 (such federal registrations, collectively with the common law trademark rights in the SNICKERS® mark and Snickers Trade Dress, are hereinafter referred to as the "SNICKERS® Mark and Trade Dress").

48.     Similarly, Mars has long marketed candy and related products under the famous 3 MUSKETEERS® mark and trade dress, which features, among other things, the word mark 3 MUSKETEERS® in stylized red lettering outlined in blue and the number 3 inside a blue shield design (hereinafter referred to as the "3 Musketeers Trade Dress"), an example of which is shown below:



49.     For 90 years, Mars has continuously used the 3 MUSKETEERS® mark to advertise, promote, and sell chocolate bars throughout the United States.

50.     Mars has earned millions of dollars in revenues from the sale of 3 MUSKETEERS® candy in the United States.  Many millions of people throughout the country have purchased or consumed 3 MUSKETEERS® chocolate products.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

14

FIRST AMENDED COMPLAINT

In fact, the 3 MUSKETEERS® chocolate bar has been a popular chocolate bar in the United States for years.

51.     Mars has invested many millions of dollars to promote 3 MUSKETEERS® candy.  Mars' advertisements and commercials for 3 MUSKETEERS® have been seen by many millions of people nationwide.

52.     Based on the wide-spread and long-standing use and recognition of the 3 MUSKETEERS® brand, Mars enjoys extensive trademark rights in the 3 MUSKETEERS® mark and the 3 Musketeers Trade Dress.

53.     Mars owns federal registrations for its 3 MUSKETEERS® mark and the 3 shield design, including, but not limited to, U.S. Reg. Nos. 1,272,036; 1,683,918; 2,675,569; 3,338,622; and 5,596,164 (such federal registrations, collectively with the common law trademark rights in the 3 MUSKETEERS® mark and 3 Musketeers Trade Dress, are hereinafter referred to as the "3 MUSKETEERS® Mark and Trade Dress").

54.     Additionally, Mars has long marketed candy and related products under the famous MILKY WAY® mark and trade dress, which features, among other things, the word mark MILKY WAY® in stylized lettering on a swirled ellipse design (hereinafter referred to as the "Milky Way Trade Dress"), examples of which are shown below:





55. For 100 years, Mars has continuously used the MILKY WAY® mark to advertise, promote, and sell chocolate bars throughout the United States.

56. Mars has earned millions of dollars in revenues from the sale of MILKY WAY® candy and other MILKY WAY® branded products in the United States. Many millions of people throughout the country have purchased or consumed MILKY WAY® candy. In fact, the MILKY WAY® chocolate bar has been a popular chocolate bar in the United States for years.

57. Mars has invested many millions of dollars to promote MILKY WAY® candy. Mars' advertisements and commercials for MILKY WAY® have been seen by many millions of people nationwide.

58. Based on the wide-spread and long-standing use and recognition of the MILKY WAY® brand, Mars enjoys extensive trademark rights in the MILKY WAY® mark and the Milky Way Trade Dress.

59. Mars owns numerous federal registrations for its MILKY WAY® mark, including, but not limited to, U.S. Reg. Nos. 1,161,203; 1,272,034; 1,508,474; 1,533,492; 2,316,816; 2,335,708; 2,430,868; 2,498,018; 2,514,593; and 4,535,789 (such federal registrations, collectively with the common law trademark rights in the MILKY WAY® mark and Milky Way Trade Dress, are hereinafter referred to as the "MILKY WAY® Mark and Trade Dress").

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

16

FIRST AMENDED COMPLAINT

## C.   STRENGTH OF PLAINTIFFS' TRADEMARKS

60.   Each of the above-referenced trademark registrations are valid, subsisting, and in full force under 15 U.S.C. § 1065, and, together with Plaintiffs' extensive common law rights, make the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, and LIFE SAVERS® Mark and Trade Dress (collectively, the "Wrigley Trademarks"), and the SNICKERS® Mark and Trade Dress, 3 MUSKETEERS® Mark and Trade Dress, and MILKY WAY® Mark and Trade Dress (collectively, the "Mars Trademarks" and, together with the Wrigley Trademarks, the "Subject Trademarks") valuable assets owned by Plaintiffs.

61.   The Subject Trademarks with Registration Nos. 1,221,105; 2,535,714; 4,377,303; 1,000,007; 1,545,544; 4,179,436; 4,268,392; 4,625,960; 115,895; 236,694; 1,130,067; 2,358,709; 4,214,036; 1,270,149; 1,563,583; 1,593,286; 2,082,946; 2,104,555; 2,911,432; 3,063,755; 3,120,788; 1,161,203; 1,272,034; 1,508,474; 1,533,492; 2,316,816; 2,335,708; 2,430,868; 2,498,018; 2,514,593; 4,535,789; 1,272,036; 1,683,918; 2,675,569; and 3,338,622 are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

62.   Pursuant to 15 U.S.C. § 1115(b), Plaintiffs' incontestable registrations are conclusive evidence of the validity of the marks listed in the registrations, Plaintiffs' ownership of the marks, and Plaintiffs' exclusive rights to use the marks in commerce in connection with the identified goods.

63.   Plaintiffs are the exclusive owners of the Subject Trademarks and all of the related business and goodwill throughout the United States.  Attached hereto as **Exhibit A** are true and correct copies of the trademark registration certificates for the Subject Trademarks as issued by the United States Patent and Trademark Office.

64.   As a result of the efforts described herein, each of the Subject Trademarks has acquired strong secondary meaning signifying Wrigley or Mars.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

17

FIRST AMENDED COMPLAINT

65.     Due to Plaintiffs' extensive marketing efforts and sales success, the Subject Trademarks have each become extremely valuable corporate assets. Plaintiffs have successfully licensed their trademarks to third parties who agree to abide by Plaintiffs' guidelines for use of the trademark(s).

66.     The Subject Trademarks are strong and distinctive marks, which are immediately recognized by the public as brand indicators of, and indelibly associated with, Wrigley's and Mars' products.  The Subject Trademarks identify authorized products that emanate from, or are licensed or sponsored by Wrigley or Mars.

## II.     THE EMERGENCE OF INFRINGING CANNABIS PRODUCTS

67.     As the market for cannabis products and, in particular, edible cannabis products has grown, certain unscrupulous businesses have manufactured, packaged, and/or sold unauthorized and counterfeit edible cannabis products that nearly-identically resemble famous candy brands, including Wrigley's SKITTLES®, STARBURST®, and LIFE SAVERS® candies and Mars' SNICKERS®, 3 MUSKETEERS®, and MILKY WAY® confections, in order to benefit from the established goodwill of those brands.

68.     One such unauthorized product, often marketed under the name "Medicated Skittles," is sold in packaging illegally using the SKITTLES® Mark and Trade Dress, designed to imitate and counterfeit Wrigley's famous SKITTLES® candy and causing confusion amongst consumers and others as to the source of the product and/or whether Wrigley has authorized, endorsed, or is affiliated with the "Medicated Skittles" product—which it **_has not_** and **_is not_**.

69.     Below is a comparison of Wrigley's SKITTLES® product to the nearly-identically packaged counterfeit "Medicated Skittles" product:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

18

FIRST AMENDED COMPLAINT

| Wrigley's SKITTLES® | Infringing "Medicated Skittles" |
|---|---|
|  |  |
|  |  |
|  |  |

70.     Additionally, these unscrupulous businesses have similarly begun manufacturing, marketing, and/or distributing unauthorized and counterfeit edible cannabis products and packaging which infringes on Wrigley's STARBURST® Mark and Trade Dress, again attempting to usurp the goodwill Wrigley has created in its STARBURST® mark without regard for Wrigley's intellectual property rights nor the great harm being caused to the public.  Similarly, Wrigley has not sponsored or endorsed, and is not affiliated with, any of the products discussed herein which infringe on Wrigley's STARBURST® Mark and Trade Dress.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

19

FIRST AMENDED COMPLAINT

71.    A comparison between examples of Wrigley's STARBURST® candy product and the infringing counterfeit products—often sold as "Starburst Gummies" or "Cannaburst Gummies" (hereinafter referred to as "Starburst Gummies")—is shown below:

| Wrigley's STARBURST® | Infringing "Starburst Gummies" |
|---|---|
|  |  |

72.    Similarly, unscrupulous businesses have also begun manufacturing, marketing, and/or distributing unauthorized and counterfeit edible cannabis products and packaging which infringe on Wrigley's LIFE SAVERS® Mark and Trade Dress in an attempt to profit off of the goodwill Wrigley has created in those marks.  Like

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

20

FIRST AMENDED COMPLAINT

with the infringing and counterfeit "Medicated Skittles" and "Starburst Gummies" products, Wrigley has not sponsored or endorsed, and is not affiliated with, any of the products complained of here that infringe on and/or counterfeit Wrigley's LIFE SAVERS® Mark and Trade Dress.  In violation of Wrigley's intellectual property rights, these counterfeit products are often marketed and sold under the name "Life Savers Medicated Gummies."

73.    A comparison between examples of Wrigley's LIFE SAVERS® candy product and the "Life Savers Medicated Gummies" products is shown below:

| Wrigley's LIFE SAVERS® | Infringing "Life Savers Medicated Gummies" |
| --- | --- |
|  |  |

74.    As with Wrigley's products, certain businesses have manufactured, packaged, and/or sold unauthorized and counterfeit edible cannabis products, often marketed under the names "THC Snickers" or "Waxbar" (hereinafter referred to as "THC Snickers") that illegally use Mars' SNICKERS® Mark and Trade Dress, causing confusion amongst consumers and others as to the source of the product

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

FIRST AMENDED COMPLAINT

and/or whether Mars has authorized, endorsed, or is affiliated with the "THC Snickers" product, which it ***is not***.

75.     Below is a comparison of Mars' SNICKERS® product to the nearly-identically packaged infringing "THC Snickers" product:

| Mars' SNICKERS® | Infringing "THC Snickers" |
|---|---|
|  |  |

76.     Similarly, some unscrupulous businesses have begun manufacturing, marketing, and/or distributing unauthorized edible cannabis products and packaging, sometimes marketed under the name "3 Marijuanas," which infringe on Mars' 3 MUSKETEERS® Mark and Trade Dress in an attempt to profit off of the goodwill Mars has created in its 3 MUSKETEERS® mark, notwithstanding the great risk to the public.  As with the "THC Snickers" products, Mars has not sponsored or endorsed, and is not affiliated with, any of the products discussed herein which infringe on Mars' 3 MUSKETEERS® Mark and Trade Dress.

77.     Examples of Mars' 3 MUSKETEERS® chocolate bar and the "3 Marijuanas" product are shown below for comparison:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations



| Mars' 3 MUSKETEERS® | Infringing "3 Marijuanas" |
|---|---|

78.     Some exploitative businesses have also begun manufacturing, marketing, and/or distributing edible cannabis products and packaging which infringe on Mars' MILKY WAY® Mark and Trade Dress, such products often being marketed as "Milky Weed" chocolate bars.  Mars has not sponsored or endorsed, and is not affiliated with, any of the edible cannabis products described herein that infringe on the MILKY WAY® Mark and Trade Dress.

79.     A comparison of Mars' MILKY WAY® chocolate bar to an example of the "Milky Weed" THC-laced chocolate bar is shown below:

| Mars' MILKY WAY® | Infringing "Milky Weed" |
|---|---|

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

23

FIRST AMENDED COMPLAINT

80.     Not only do the infringing "Medicated Skittles," "Starburst Gummies," "Life Savers Medicated Gummies," "THC Snickers," "3 Marijuanas," and "Milky Weed" products and packaging violate Plaintiffs' intellectual property rights, as Plaintiffs have not authorized or permitted the use of the Subject Trademarks for any such product, but they also pose a great danger to the public as anyone, children and adults alike, could easily mistake the infringing cannabis-infused products for Plaintiffs' famous and beloved candies and chocolate bars and inadvertently ingest the psychoactive compound THC contained therein.

81.     California's Business and Professions Code section 26130(c)(1) states that edible cannabis products shall not be "designed to be appealing to children or easily confused with commercially sold candy or foods that do not contain cannabis."  Furthermore, it is illegal to produce and sell edible cannabis products which contain more than 10 milligrams of THC per serving—an amount that the "Medicated Skittles" product exceeds per the description on its packaging and which, on information and belief, the "Starburst Gummies" and "Life Savers Medicated Gummies" likely exceed, as well.  Cal. Bus. & Prof. Code § 26130(c)(2).  Some "THC Snickers," "3 Marijuanas," and "Milky Weed" products advertise that they contain the stunningly high amount of 1,000 milligrams of THC per chocolate bar.  Thus, the public harm caused by the manufacture and distribution of these counterfeit and infringing products is compounded by the illegal packaging designed to appeal to children and imitate Plaintiffs' famous candies and confections, as well as by the illegally high dosages of THC being infused into the products.

82.     Just as Plaintiffs actively enforced their intellectual property rights against manufacturers and distributors of infringing "candy-flavored" e-liquid products for e-cigarettes when those products presented a risk of harm to children and the public at large, Plaintiffs here seek to prevent the further unauthorized and dangerous use of their Subject Trademarks on edible cannabis-infused products.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

24

FIRST AMENDED COMPLAINT

### III.   DEFENDANTS' WRONGFUL ACTS

83.   Each of the Defendants in this action is engaged in the marketing, offering for sale, sale, and distribution of edible cannabis candy and chocolate products that counterfeit and/or infringe on the Subject Trademarks, causing damage to Plaintiffs and harm to the public due to the illegal and unauthorized imitation of Plaintiffs' famous candies and chocolate bars.

84.   Rather than develop their own brand names for their cannabis products, Defendants instead chose to use the Subject Trademarks, without authorization or license, in the marketing of their products, exhibiting no regard for Plaintiffs' intellectual property rights, the consumer confusion likely to be caused by the infringing products described herein, or the danger posed by distributing cannabis-infused products in the form of and packaged as imitations of Plaintiffs' famous candies and chocolate bars.

85.   On information and belief, Defendants are similarly situated in that they have all obtained elements of their counterfeit products from the same or similar sources, based on the similarity of the counterfeit packaging used to market and contain the edible cannabis products complained of herein.

### A.   2020EDIBLEZ' WRONGFUL ACTS

86.   Upon information and belief, 2020ediblez markets and sells cannabis products online via the website located at https://www.2020ediblez.com. 2020ediblez offers their products to consumers located in the State of California, including in this District.

87.   As of the date of this filing, 2020ediblez is marketing and offering for sale, and/or has in the past, at least twelve cannabis products which violate Plaintiffs' rights in the Subject Trademarks.  Those products include: (1) "Skittles 500mg" (sold in four flavors: "Green," "Yellow," "Blue," and "Purple"); (2) "Sour candy coated chews 500mg"; (3) "Candy coated fruit chews Medicated 10 pack"; (4) "Cannaburst 500mg Starburst Gummies Edibles" (sold in three flavors: "Sours,"

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

25

FIRST AMENDED COMPLAINT

"Berry," and "Tropical"); (5) "Starbuds Gummies" (sold in two flavors: "Sour Berry" and "Original"); (6) "Lifesavers Medicated Gummies 600mg"; (7) "Berry ring medicated gummies 600mg"; (8) "Life Savers CBD Gummies 200mg"; (9) "Berry Ring cbd gummies 200mg"; (10) "1000mg THC wax bar w peanuts and caramel (10-Pack)"; (11) "3 Marijuanas chocolate bar 100mg (10-Pack)"; and (12) "1000mg chocolate candy – Medicated edibles (SINGLE BAR)."  These products, collectively referred to as the "2020ediblez Infringing Products," are pictured below as they appear or have appeared on 2020ediblez' website:



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

26

FIRST AMENDED COMPLAINT





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

27

FIRST AMENDED COMPLAINT



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

FIRST AMENDED COMPLAINT



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

29

FIRST AMENDED COMPLAINT





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

30

FIRST AMENDED COMPLAINT



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28











**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

31

FIRST AMENDED COMPLAINT

88.     Upon information and belief, 2020ediblez adopted and uses the Subject

Trademarks in marketing, offering for sale, and distributing the 2020ediblez

Infringing Products with full knowledge of, and in willful disregard of, Plaintiffs'

intellectual property rights, and with the intent to take advantage of the goodwill that

Plaintiffs have developed in the Subject Trademarks.

**B.     THE IE420 DEFENDANTS' WRONGFUL ACTS**

89.     Upon information and belief, the IE420 Defendants market and sell

cannabis products online via the website located at https://www.ie420supply.com.

The IE420 Defendants offer their products to consumers located in the State of

California, including in this District.

90.     As of the date of this filing, the IE420 Defendants are marketing and

offering for sale, and/or have in the past, at least three cannabis products which

violate Plaintiffs' rights in the Subject Trademarks.  Those products include: (1)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

32

FIRST AMENDED COMPLAINT

"Medicated Skittles 400mg THC Edible" (sold in four flavors: "Original," "Wild Berry," "Zombie," and "Seattle Mix"); (2) "Starburst Gummies 500mg THC" (sold in two flavors: "Berry" and "Sours"); and (3) "Blue Skittlez."  These products, collectively referred to as the "IE420 Infringing Products," are pictured below as they appear or appeared on the IE420 Defendants' website:



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

33

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

34

FIRST AMENDED COMPLAINT

91.     Upon information and belief, the IE420 Defendants adopted and use the Subject Trademarks in marketing, offering for sale, and distributing the IE420 Infringing Products with full knowledge of, and in willful disregard of, Plaintiffs' intellectual property rights, and with the intent to take advantage of the goodwill that Plaintiffs have developed in the Subject Trademarks.

92.     Additionally, Mohr appears in a video titled "First Medicated Skittles Review ever!" which has been published on YouTube at the following URL address: https://www.youtube.com/watch?v=njltYxRagN8.  Upon information and belief, the video was posted by the IE420 Defendants.  In the video, Mohr reviews the "Medicated Skittles" product and advertises special deals and promotions for the "Medicated Skittles" product offered by the IE420 Defendants on their website.

**C.     OC420'S WRONGFUL ACTS**

93.     Upon information and belief, OC420 markets and sells cannabis products online via the website located at https://www.oc420collection.com.  OC420 offers their products to consumers located in the State of California, including in this District.

94.     As of the date of this filing, OC420 is marketing and offering for sale, and/or has in the past, at least three cannabis products which violate Plaintiffs' rights in the Subject Trademarks.  Those products include: (1) "Medicated Skittles" (sold in four flavors: "Original," "Sour," "Wild Berry," and "Seattle Mix"); (2) "Medicated Cannaburst Gummies" (sold in three flavors: "Original Sours," "Berry Sours," and "Tropical"); and (3) a "Munchies Edible Deal" which includes a package of the "Cannaburst Gummies."  These products, collectively referred to as the "OC420 Infringing Products," are pictured below as they appear or appeared on OC420's website:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

35

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

36

FIRST AMENDED COMPLAINT



95.    Upon information and belief, OC420 adopted and uses the Subject Trademarks in marketing, offering for sale, and distributing the OC420 Infringing Products with full knowledge of, and in willful disregard of, Plaintiffs' intellectual property rights, and with the intent to take advantage of the goodwill that Plaintiffs have developed in the Subject Trademarks.

**D.    GASBUDS' WRONGFUL ACTS**

96.    Upon information and belief, GasBuds markets and sells cannabis products online via the website located at https://www.gasbuds.com.  GasBuds offers their products to consumers located in the State of California, including in this District.

97.    As of the date of this filing, GasBuds is marketing and/or offering for sale, and/or has in the past, at least twenty-three cannabis products which violate

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

37

FIRST AMENDED COMPLAINT

Plaintiffs' rights in the Subject Trademarks.  Those products include: (1) "Medicated Sour Skittles 600mg THC"; (2) "Medicated Sour Skittles – 400mg THC"; (3) "Medicated Yellow Sour Skittles – 400mg THC"; (4) "High Tolerance Concentrates Skittlez – 1g Cartridge"; (5) "High Tolerance – Shorty's 5 personal infused pre-rolls (Blue Skittles)"; (6) "BPB – Zerbert (ZkittlesXSunset Sherbert) – 3.5g"; (7) "CANABOTANICA Shake – Cherry Pie X Sherbert X Zkitles 28g"; (8) "High Tolerance Live Resin Concentrates – Watermelon Zkittlez – 1g Cartridge"; (9) "High Tolerance Concentrates ZKITTLES – 1g Cartridge"; (10) "Interface Live Resin Cart – Watermelon Zkittlez 1G"; (11) "Stndrd Company Zkittles – Disposable 500mg"; (12) "WARRIORS Zkittles – Cartridge 1g"; (13) "STARBUDS Gummies – 500mg THC"; (14) "STARBUDS Medicated Gummies Original – 500mg THC"; (15) "STARBUDS Medicated Gummies Sour – 500mg THC"; (16) "Medicated Cannaburst Gummies – 500mg THC"; (17) "Mini Starbuds Medicated Gummies – 408mg THC"; (18) "Medicated Life Savers Gummies Wild Berries 600mg"; (19) "Love Saverz Gummies – Collisions 600mg"; (20) "THC Sni*kers Chocolate Bar – 1000mg"; (21) "THC Chocolate Bar (like a sni**ers) – 1000mg"; (22) "3 Marijuanas Chocolate Bar – 1000mg"; and (23) "THC Chocolate Milky Weed – 1000mg thc."  These products, collectively referred to as the "GasBuds Infringing Products," are pictured below as they appear on GasBuds' website:

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14




15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

39

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

40

FIRST AMENDED COMPLAINT





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

41

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

42

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

43

FIRST AMENDED COMPLAINT



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

44

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

45

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

46

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

47

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

48

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

49

FIRST AMENDED COMPLAINT



98.     Upon information and belief, GasBuds adopted and uses the Subject Trademarks in marketing, offering for sale, and distributing the GasBuds Infringing Products with full knowledge of, and in willful disregard of, Plaintiffs' intellectual property rights, and with the intent to take advantage of the goodwill that Plaintiffs have developed in the Subject Trademarks.

E.     **CANNABIS 420'S WRONGFUL ACTS**

99.     Upon information and belief, Cannabis 420 markets and sells cannabis products online via the website located at https://www.cannabis420supply.com. Cannabis 420 offers their products to consumers located in the State of California, including in this District.

100.    As of the date of this filing, Cannabis 420 is marketing and offering for sale, and/or has in the past, at least two cannabis products which violate Plaintiffs' rights in the Subject Trademarks: (1) "Medicated Skittles 400mg THC Edible" (sold in five flavors: "Original," "Sour," "Wild Berry," "Zombie," and "Seattle Mix");

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

50

FIRST AMENDED COMPLAINT

and (2) "Cannaburst Gummies 500mg THC" (sold in two flavors: "Sours" and "Berry Sours").  These products, collectively referred to as the "Cannabis 420 Infringing Products," are pictured below as they appear and/or appeared on Cannabis 420's website:





Medicated Skittles 400mg THC Edible

$15.00 **$13.00**

Fruit-flavored candy dipped in premium cannabis. Try the best tasting candy and feel good with medicated Skittles. Available in Original, Wild Berry, Seatle Mix, and Zombie flavors. Everyone's favorite stoniest medicated treat is perfect for all occasions whether its a wedding, cocktail party, dinner party, business dinner, hanging out with friends for a BBQ or movie night.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

51

FIRST AMENDED COMPLAINT







101.   Upon information and belief, Cannabis 420 adopted and uses, and/or has adopted and used in the past, the Subject Trademarks in marketing, offering for sale, and distributing the Cannabis 420 Infringing Products with full knowledge of, and in willful disregard of, Plaintiffs' intellectual property rights, and with the intent to take advantage of the goodwill that Plaintiffs have developed in the Subject Trademarks.

F.   **GREEN RUSH'S WRONGFUL ACTS**

102.   Upon information and belief, Green Rush markets and sells cannabis products online via the website located at https://greenrushextracts.org.  Green Rush offers their products to consumers located in the State of California, including in this District.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

52

FIRST AMENDED COMPLAINT

103.   As of the date of this filing, Green Rush is marketing and offering for sale, and/or has in the past, at least fourteen cannabis products which violate Plaintiffs' rights in the Subject Trademarks: (1) "Skittles Original"; (2) "Skittles Medicated Original"; (3) "Skittles Sour"; (4) "Skittles Medicated Yellow Sour"; (5) "Skittles Wild Berry"; (6) "Skittles Tropical"; (7) "Skittles Zombies"; (8) "Dark Hawk Sour Skittles"; (9) "Baby Jeeter Infused – Blue Zkittlez"; (10) "Jeeter 1G Infused Preroll Blue Zkittles"; (11) "Jeeter Juice Vape – Blue Zkittlez"; (12) "Cannaburst Gummie Sourberries"; (13) "Life Saver Gummies Wild Berry"; and (14) "Lifesavers Collison Gummies."  These products (referred to as the "Green Rush Infringing Product," and, together with the 2020ediblez Infringing Products, IE420 Infringing Products, OC420 Infringing Products, GasBuds Infringing Products, and Cannabis 420 Infringing Products, the "Infringing Products") are pictured below as they appear on the Green Rush website:





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

53

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

54

FIRST AMENDED COMPLAINT



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

55

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7



8
9
10
11
12
13
14




15
16
17
18
19
20
21
22



23
24
25
26
27
28



**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

56

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15






16
17
18
19
20
21
22
23
24
25
26
27
28





**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

57

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

58

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

59

FIRST AMENDED COMPLAINT




104.   Upon information and belief, Green Rush adopted and uses the Subject Trademarks in marketing, offering for sale, and distributing the Green Rush Infringing Product with full knowledge of, and in willful disregard of, Plaintiffs' intellectual property rights, and with the intent to take advantage of the goodwill that Plaintiffs have developed in the Subject Trademarks.

## FIRST CLAIM FOR RELIEF

### (Federal Counterfeiting Against All Defendants)

105.   Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

106.   Plaintiffs own certain exclusive rights in and to the marks and logos reflected in the SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, 3 MUSKETEERS®, and MILKY WAY® registrations and the goods covered by those registrations are candy and confections.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

60

FIRST AMENDED COMPLAINT

107.   Defendants use in commerce, market, and offer for sale edible cannabis products featuring the "Skittles" mark in plain text and white block lettering, distinctive rainbow designs, images of candy-coated lentils with an "S" imprinted thereon, and/or a design featuring such candy lentils cascading along an upside-down rainbow, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the SKITTLES® registrations. Defendants' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

108.   Additionally, all Defendants use in commerce, market, and offer for sale edible cannabis products featuring the "Starburst" mark and/or images of square candies with a stylized "S" imprinted thereon, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the STARBURST® registrations.  Defendants' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

109.   Furthermore, 2020ediblez, GasBuds, and Green Rush use in commerce, market, and offer for sale edible cannabis products featuring the "Life Savers" mark in plain text and stylized lettering, as well as images of the LIFE SAVERS® distinctive circular candies, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the LIFE SAVERS® registrations.  2020ediblez' and GasBuds' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

110.   2020ediblez and GasBuds have also used in commerce, marketed, and offered for sale edible cannabis products featuring the "Snickers" mark in plain text and in blue block lettering in a parallelogram outlined in red, marks and trade dress that are identical to, or substantially indistinguishable from, the marks and logos in the SNICKERS® registrations.  2020ediblez' and GasBuds' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

61

FIRST AMENDED COMPLAINT

111.    2020ediblez and GasBuds have also used in commerce, marketed, and offered for sale edible cannabis products featuring the number "3" inside a blue shield design, a use which is identical to, or substantially indistinguishable from, the marks and logos in the 3 MUSKETEERS® registrations.  2020ediblez' and GasBuds' use of those marks in association with candies constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

112.    Defendants' use of the counterfeit marks in advertising, offering for sale, selling, and distributing their edible cannabis candy and chocolate products are likely to cause confusion, mistake, or deception as to source, affiliation, or sponsorship of the goods.

113.    Upon information and belief, Defendants have used the marks and logos reflected in the SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, and/or 3 MUSKETEERS® registrations for their counterfeit products with full knowledge of, and in willful disregard of Plaintiffs' rights in their trademarks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have.

114.    The imitation, copying, and unauthorized use of the marks and logos reflected in the SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, and/or 3 MUSKETEERS® registrations causes irreparable injury to Plaintiffs, including injury to their business reputations and the goodwill associated with the Subject Trademarks.

115.    Plaintiffs have no adequate remedy at law for these injuries.  Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying, and unauthorized use of the marks and logos reflected in the SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, and/or 3 MUSKETEERS® registrations, these injuries will continue to occur.  Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendants, their agents,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

62

FIRST AMENDED COMPLAINT

1   employees, and all persons acting in concert with them, from engaging in such

2   further acts in violation of 15 U.S.C. § 1116.

3        116.   Plaintiffs are further entitled to recover from Defendants the damages

4   they have sustained and will sustain, and any gains, profits, and advantages unfairly

5   obtained by Defendants as a result of Defendants' imitation, copying, and

6   unauthorized use as alleged above.  Plaintiffs are, at present, unable to ascertain the

7   full extent of monetary damages suffered by reason of Defendants' acts.

8        117.   By reason of Defendants' acts, and pursuant to 15 U.S.C. § 1117,

9   Plaintiffs are entitled to Defendants' profits, Plaintiffs' costs of suit, Plaintiffs'

10  reasonable attorneys' fees, and Plaintiffs' actual damages, and the trebling of those

11  damages or of Defendants' profits, or to statutory damages at its election.

12  **SECOND CLAIM FOR RELIEF**

13  **(Federal Trademark Infringement Against All Defendants)**

14       118.   Plaintiffs reallege the allegations of the preceding paragraphs as if fully

15  set forth herein.

16       119.   Defendants' acts are likely to cause confusion, mistake, or deception as

17  to source, affiliation, or sponsorship, in violation of 15 U.S.C. §§ 1114, 1125(a).

18       120.   Upon information and belief, Defendants adopted and use the Subject

19  Trademarks with full knowledge of, and in willful disregard of Plaintiffs' rights in

20  their trademarks, and with the intent to obtain a commercial advantage that

21  Defendants otherwise would not have, making this an exceptional case pursuant to

22  15 U.S.C. § 1117.

23       121.   Plaintiffs have been, and will continue to be, damaged by Defendants'

24  infringement in an amount to be determined at trial.

25       122.   Defendants' acts are greatly and irreparably damaging to Plaintiffs and

26  will continue to damage Plaintiffs unless enjoined by the Court such that Plaintiffs

27  are without an adequate remedy at law.

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

63

FIRST AMENDED COMPLAINT

## **THIRD CLAIM FOR RELIEF**

### **(Federal Trademark Dilution Against All Defendants)**

123. Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

124. The Subject Trademarks are inherently distinctive and famous under 15 U.S.C. § 1125(c).

125. Defendants' unlawful uses of the Subject Trademarks in commerce began long after the Subject Trademarks became famous.

126. Defendants' conduct causes, and will continue to cause, dilution of the distinctive quality of the famous Subject Trademarks.

127. Upon information and belief, Defendants adopted and use the Subject Trademarks with full knowledge of Plaintiffs' intellectual property rights therein, and with the willful intention to trade on Plaintiffs' reputation and/or cause dilution of the famous Subject Trademarks, making this an exceptional case pursuant to 15 U.S.C. § 1117.

128. Plaintiffs have been, and will continue to be, damaged by Defendants' dilutive conduct in an amount to be determined at trial.

129. Defendants' acts are greatly and irreparably damaging to Plaintiffs and will continue to damage Plaintiffs unless enjoined by the Court such that Plaintiffs are without an adequate remedy at law.

## **FOURTH CLAIM FOR RELIEF**

### **(Federal Unfair Competition Against All Defendants)**

130. Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

131. Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

64

FIRST AMENDED COMPLAINT

132.   Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

133.   Plaintiffs have been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

134.   Defendants' acts are greatly and irreparably damaging to Plaintiffs and will continue to damage Plaintiffs unless enjoined by the Court such that Plaintiffs are without an adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* Against All Defendants)

135.   Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

136.   Defendants have wrongfully appropriated the Subject Trademarks in connection with their marketing, offering for sale, and/or distribution of the Infringing Products.  These acts have caused, or are likely to cause, confusion, mistake, or deception amongst consumers and others as to the source of the Infringing Products and as to whether Plaintiffs have authorized, endorsed, or are affiliated with the Infringing Products.

137.   Defendants' acts constitute unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.* in that they are unlawful, unfair, and/or fraudulent acts or business practices, and because Defendants have engaged in unfair, deceptive, untrue, and misleading advertising for the Infringing Products.

138.   Upon information and belief, Defendants' conduct has been deliberate and willful, and Defendants' misappropriation of the Subject Trademarks has been done with Defendants' full knowledge of, and total disregard for, Plaintiffs' intellectual property rights therein and with the bad faith intent to trade on the goodwill Plaintiffs have developed in the Subject Trademarks.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

65

FIRST AMENDED COMPLAINT

139.   As a result of Defendants' unfair competition, Plaintiffs have been greatly and irreparably harmed, including by the dilution of goodwill, confusion of existing and potential customers, and injury to reputation, and Plaintiffs will continue to be damaged by Defendants' conduct unless it is enjoined by the Court such that Plaintiffs are without an adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of Cal. Bus. & Prof. Code § 14247 Against All Defendants)

140.   Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

141.   The Subject Trademarks are inherently distinctive and famous, being widely recognized by the general consuming public of the United States and California as an indicator of the source of Plaintiffs' candies and chocolate bars.

142.   Defendants' unlawful uses of the Subject Trademarks in commerce began long after the Subject Trademarks became famous.

143.   Defendants' conduct is likely to cause dilution of the distinctive quality of the famous Subject Trademarks in violation of California Business and Professions Code § 14247.

144.   Upon information and belief, Defendants' conduct has been deliberate and willful, and Defendants' uses of the Subject Trademarks has been done with Defendants' full knowledge of, and total disregard for, Plaintiffs' intellectual property rights therein and with the bad faith intent to trade on the goodwill Plaintiffs have developed in the Subject Trademarks.

145.   Defendants' acts are greatly and irreparably damaging to Plaintiffs and will continue to damage Plaintiffs unless enjoined by the Court such that Plaintiffs are without an adequate remedy at law.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

66

FIRST AMENDED COMPLAINT

**SEVENTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition Against All Defendants)**

146.   Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

147.   Defendants have wrongfully appropriated the Subject Trademarks in connection with their marketing, offering for sale, and/or distribution of the Infringing Products.  These acts have caused, or are likely to cause, confusion, mistake, or deception amongst consumers and others as to the source of the Infringing Products and as to whether Plaintiffs have authorized, endorsed, or are affiliated with the Infringing Products.

148.   Defendants' acts constitute unfair competition in violation of California common law in that they are unlawful, unfair, and/or fraudulent acts or business practices, and because Defendants have engaged in unfair, deceptive, untrue, and misleading advertising for the Infringing Products.

149.   Upon information and belief, Defendants' conduct has been deliberate and willful, and Defendants' misappropriation of the Subject Trademarks has been done with Defendants' full knowledge of, and total disregard for, Plaintiffs' intellectual property rights therein and with the bad faith intent to trade on the goodwill Plaintiffs have developed in the Subject Trademarks.

150.   As a result of Defendants' unfair competition, Plaintiffs have been greatly and irreparably harmed, including by the dilution of goodwill, confusion of existing and potential customers, and injury to reputation, and Plaintiffs will continue to be damaged by Defendants' conduct unless it is enjoined by the Court such that Plaintiffs are without an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; California Business and Professions Code §§ 17200, *et seq.*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

FIRST AMENDED COMPLAINT

and § 14247; and California common law, and that such violations were willful and intentional, making this an exceptional case;

2.      Award Plaintiffs statutory damages in the amount of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, in a total amount to be determined at trial, for Defendants' willful counterfeiting of the Subject Trademarks and pursuant to 15 U.S.C. §§ 1117(c)(2);

3.      Issue a preliminary and permanent injunction enjoining and restraining Defendants, their agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with Defendants, jointly and severally, from directly or indirectly engaging in (a) any further counterfeiting of Plaintiffs' SKITTLES®, STARBURST®, LIFE SAVERS®, SNICKERS®, and 3 MUSKETEERS® registrations, (b) any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the Subject Trademarks, and (c) doing any other act calculated or likely to induce or cause confusion or the mistaken belief that Defendants or their products are in any way affiliated, connected, or otherwise associated with Plaintiffs or their products;

4.      Require Defendants to immediately recall from all distribution channels all products, packaging, labels, wrappers, advertising, and promotional materials bearing or infringing on the Subject Trademarks;

5.      Require Defendants to immediately deliver to Plaintiffs for destruction all products, packaging, labels, wrappers, digital or electronic images or files, advertising, and promotional materials bearing or infringing on the Subject Trademarks, pursuant to 15 U.S.C. § 1118;

6.      Order Defendants to account to Plaintiffs for all profits wrongfully derived by their unlawful conduct and to pay to Plaintiffs:

a.      all monetary actual and/or statutory damages sustained and to be sustained by Plaintiffs as a consequence of Defendants' unlawful

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

68                    FIRST AMENDED COMPLAINT

conduct, including lost profits and corrective advertising

damages, in an amount to be determined at trial;

b.   all profits, gains, and advantages obtained by Defendants from

their unlawful conduct;

c.   exemplary damages, including treble damages resulting from

Defendants' unlawful conduct; and

d.   pre-judgment interest on all damages.

7.   Order Defendants to pay Plaintiffs' costs and disbursements in this

action, including their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

8.   That the Court order those in privity with, working with, or providing

services of any kind to Defendants and those with notice or receipt of the injunction,

and any Internet search engines, domain name registrars, domain name registries,

Internet Service Providers, and web hosts, shall: (a) be and are restrained and

enjoined from facilitating access to any and all websites and accounts through which

Defendants engage in the counterfeiting and/or infringing use of the Subject

Trademarks, and any account(s) associated with the same; (b) be and are restrained

and enjoined from altering, interlining, removing, destroying, permitting the

destruction of, or in any other fashion changing any records, including electronic

records, in the actual or constructive care, custody, or control of Defendants that are

relevant to the subject matter of this lawsuit or likely to lead to the discovery of

relevant records or evidence, wherever said records are physically located; (c) be

ordered to preserve copies of all documents, files, electronically-stored information

and things relating to the websites controlled by Defendants that offer products or

packaging bearing the Subject Trademarks and take steps to retrieve files that may

have been deleted before entry of this injunction; (d) be ordered to provide any and

all identification, contact, and registration information associated with those

websites; and (e) be ordered to produce any and all documents and electronically-

stored information regarding access, download, and visitors to the websites;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

69

FIRST AMENDED COMPLAINT

9.     Direct that each of the Defendants file with this Court and serve on counsel for Plaintiffs within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which they have complied with the injunction; and

10.     Order any such other or further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs Wm. Wrigley Jr. Company and Mars, Incorporated respectfully demand a trial by jury of all issues so triable by a jury.


Dated:  July 15, 2022                    LOEB & LOEB LLP


                                        By: */s/ Kyle R. Petersen*
                                        Douglas N. Masters
                                        Kyle R. Petersen
                                        Attorneys for Plaintiffs
                                        Wm. Wrigley Jr. Company and Mars,
                                        Incorporated

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21079879.12
208719-10057

FIRST AMENDED COMPLAINT