JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation; and MARS, INCORPORATED, a Delaware corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>ROBERTO CONDE d/b/a 2020EDIBLEZ, an individual; JOEL LEDESMA d/b/a INLAND EMPIRE 420 SUPPLY, an individual; JESSICA MOHR, an individual; STEPHEN MATA d/b/a OC 420 COLLECTION, an individual; YAUHENIYA LIS d/b/a GASBUDS, an individual; EDWARD AWAD d/b/a CANNABIS 420 SUPPLY, an individual; GREEN RUSH EXTRACTS LLC, a California limited liability company; MARCO BURGOS d/b/a 2020EDIBLEZ, an individual; and DOES 4 through 10,<br><br>        Defendants. | Case No.: 5:21-cv-00777 JWH (SHKx)<br><br><br>**FINAL JUDGMENT BY CONSENT UNDER RULE 54(b) INCLUDING PERMANENT INJUNCTIVE RELIEF AS TO DEFENDANTS EDWARD AWAD D/B/A CANNABIS 420 SUPPLY AND GREEN RUSH EXTRACTS LLC** |

This matter having come before the Court for the entry of Final Judgment by Consent Under Rule 54(b) Including Permanent Injunctive Relief as to Defendants Edward Awad d/b/a Cannabis 420 Supply ("Awad") and Green Rush Extracts LLC ("Green Rush," and, together with Awad, "Defendants"), with the consent of plaintiffs Wm. Wrigley Jr. Company ("Wrigley") and Mars, Incorporated ("Mars," and, together with Wrigley, "Plaintiffs") and Defendants (Plaintiffs and Defendants are collectively referred to herein as the "Parties," and each individually as a "Party"), in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, and based upon the stipulated facts set forth herein,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.     Defendants have been properly served and consent to the Court exercising personal jurisdiction over them.  Defendants waive all defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

2.     This Court has subject matter jurisdiction over this action.

3.     The Parties agree to submit to the jurisdiction of this Court to enforce the provisions of this Final Judgment by Consent Under Rule 54(b) Including Permanent Injunctive Relief as to Defendants Edward Awad d/b/a Cannabis 420 Supply and Green Rush Extracts LLC (the "Final Judgment by Consent") worldwide.

4.     Plaintiff Wrigley is a Delaware corporation with its principal place of business at 1132 West Blackhawk Street, Chicago, Illinois 60642.

5.     Plaintiff Mars is a Delaware corporation with its principal place of business at 6885 Elm Street, McLean, Virginia 22101.

6.     Plaintiffs allege that Defendant Awad is an individual residing in San Bernardino County, California and has at all relevant times participated in the complained of activities by the business known as Cannabis 420 Supply, which has

[PROPOSED] FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

1    conducted its operations through the website located at

2    https://www.cannabis420supply.com/.

3        7.     Plaintiffs allege that Defendant Green Rush Extracts LLC is a

4    California limited liability company with its principal place of business in Redlands,

5    California, which has conducted its operations through the website located at

6    https://greenrushextracts.org/.

7        8.     Wrigley is a recognized global leader in confections and, together with

8    its affiliates, offers a wide range of product offerings including gum, mints, and

9    candies.  Wrigley markets products under dozens of well-known, distinctive, and

10   famous brands, including SKITTLES®, STARBURST®, LIFE SAVERS®,

11   DOUBLEMINT®, and JUICY FRUIT®, to name a few.

12       9.     Wrigley and its predecessors have long marketed candy and related

13   products under the famous SKITTLES® mark and trade dress, which features,

14   among other things, the word mark SKITTLES® in white block lettering, distinctive

15   rainbow designs, distinctive candy-coated lentils with an "S" imprinted thereon, and

16   a cascade design of these candy lentils (hereinafter referred to as the "Skittles Trade

17   Dress"), examples of which are shown below:



FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations





10.     For 50 years, Wrigley and its predecessors-in-interest have continuously used the SKITTLES® mark to advertise, promote, and sell candy throughout the United States.

11.     Wrigley has earned billions of dollars in revenues from the sale of SKITTLES® candy in the United States.  Many millions of people throughout the country have purchased or consumed SKITTLES® candy.  In fact, SKITTLES® candy has been the best-selling non-chocolate candy in the United States for years.

12.     Wrigley has invested many millions of dollars to promote SKITTLES® candy.  Wrigley's advertisements and commercials for SKITTLES® have been seen by many millions of people nationwide.  Wrigley advertises SKITTLES® candy during the Super Bowl and other highly watched events.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

13.     Based on the wide-spread and long-standing use and recognition of the SKITTLES® brand, Wrigley enjoys extensive trademark rights in the SKITTLES® mark and the Skittles Trade Dress.

14.     Wrigley owns numerous federal registrations for its SKITTLES® mark and the Skittles Trade Dress, including, but not limited to, U.S. Reg. Nos. 1,221,105; 2,535,714; 4,377,303; and 4,983,664 (such federal registrations, collectively with the common law trademark rights in the SKITTLES® mark and Skittles Trade Dress, are hereinafter referred to as the "SKITTLES® Mark and Trade Dress").

15.     Similarly, Wrigley and its predecessors have long marketed candy and related products under the famous STARBURST® mark and trade dress, which features, among other things, the word mark STARBURST® in stylized lettering and distinctive wrappers with an "S" imprinted thereon (hereinafter referred to as the "Starburst Trade Dress"), examples of which are shown below:





FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16.     For 50 years, Wrigley and its predecessors-in-interest have continuously used the STARBURST® mark to advertise, promote, and sell candy throughout the United States.

17.     Wrigley has earned billions of dollars in revenue from the sale of STARBURST® candy in the United States.  Many millions of people throughout the country have purchased or consumed STARBURST® candy.

18.     Wrigley has invested many millions of dollars to promote STARBURST® candy.  Wrigley's advertisements and commercials for STARBURST® have been seen by many millions of people nationwide.

19.     Based on the wide-spread and long-standing use and recognition of the STARBURST® brand, Wrigley enjoys extensive trademark rights in the STARBURST® mark and the Starburst Trade Dress.

20.     Wrigley owns numerous federal registrations for its STARBURST® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 1,000,007; 1,545,544; 4,179,436; 4,268,392; and 4,625,960 (such federal registrations, collectively with the common law trademark rights in the STARBURST® mark and Starburst Trade Dress, are hereinafter referred to as the "STARBURST® Mark and Trade Dress").

21.     Additionally, Wrigley and its predecessors have long marketed candy and related products under the famous LIFE SAVERS® mark and trade dress, which features, among other things, the word mark LIFE SAVERS® in stylized lettering and distinctive circular candies with "LIFE SAVERS" imprinted thereon (hereinafter referred to as the "Life Savers Trade Dress").  An example of LIFE SAVERS® packaging is shown below:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC



22.   For 50 years, Wrigley and its predecessors-in-interest have continuously used the LIFE SAVERS® mark to advertise, promote, and sell candy throughout the United States.

23.   Wrigley has earned billions of dollars in revenue from the sale of LIFE SAVERS® candy in the United States.  Many millions of people throughout the country have purchased or consumed LIFE SAVERS® candy.

24.   Wrigley has invested many millions of dollars to promote LIFE SAVERS® candy.  Wrigley's advertisements and commercials for LIFE SAVERS® have been seen by many millions of people nationwide.

25.   Based on the wide-spread and long-standing use and recognition of the LIFE SAVERS® brand, Wrigley enjoys extensive trademark rights in the LIFE SAVERS® mark and the Life Savers Trade Dress.

26.   Wrigley owns numerous federal registrations for its LIFE SAVERS® mark and trade dress, including, but not limited to, U.S. Reg. Nos. 115,895; 236,694; 1,130,067; 2,358,709; 4,214,036; and 4,769,489 (such federal registrations collectively with the common law trademark rights in the LIFE SAVERS® mark and Life Savers Trade Dress, are hereinafter referred to as the "LIFE SAVERS® Mark and Trade Dress").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

7

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

27.     Each of the above-referenced trademark registrations are valid, subsisting, and in full force under 15 U.S.C. § 1065, and, together with Wrigley's extensive common law rights, make the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, and LIFE SAVERS® Mark and Trade Dress (collectively, the "Subject Trademarks") valuable assets owned by Wrigley.

28.     Plaintiffs allege that Awad, doing business as Cannabis 420 Supply, has engaged in the marketing, offering for sale, sale, and distribution of edible cannabis candy products.

29.     Plaintiffs allege that Awad used the Subject Trademarks, without authorization or license, in the marketing of his products.

30.     Specifically, Plaintiffs allege that Awad has marketed, offered for sale, sold, and distributed products online via the Cannabis 420 Supply website, located at https://www.cannabis420supply.com/, which violate Wrigley's rights in the Subject Trademarks.  Those products include: (1) "Medicated Skittles 400mg THC Edible" (sold in five flavors: "Original," "Sour," "Wild Berry," "Zombie," and "Seattle Mix"); and (2) "Cannaburst Gummies 500mg THC" (sold in two flavors: "Sours" and "Berry Sours").  These products, collectively referred to as the "Cannabis 420 Supply Infringing Products," are pictured below as they appear or appeared on the Cannabis 420 Supply website:



FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations



31.    Additionally, Plaintiffs allege that Green Rush has engaged in the marketing, offering for sale, sale, and distribution of edible cannabis candy products and other cannabis-related products.

32.    Plaintiffs allege that Green Rush used the Subject Trademarks, without authorization or license, in the marketing of its products.

33.    Specifically, Plaintiffs allege that Green Rush has marketed, offered for sale, sold, and distributed products online via the Green Rush website, located at https://greenrushextracts.org/, which violate Wrigley's rights in the Subject Trademarks.  Those products include: (1) "Skittles Original"; (2) "Skittles Medicated Original"; (3) "Skittles Sour"; (4) "Skittles Medicated Yellow Sour"; (5) "Skittles Wild Berry"; (6) "Skittles Tropical"; (7) "Skittles Zombies"; (8) "Dark Hawk Sour Skittles"; (9) "Baby Jeeter Infused – Blue Zkittlez"; (10) "Jeeter 1G Infused Preroll Blue Zkittles"; (11) "Jeeter Juice Vape – Blue Zkittlez"; (12) "Cannaburst Gummie Sourberries"; (13) "Life Saver Gummies Wild Berry"; and (14) "Lifesavers Collison Gummies."  These products, collectively referred to as the "Green Rush Infringing Products" (and, together with the Cannabis 420

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

9

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

Supply Infringing Products, the "Infringing Products"), are pictured below as they appear or appeared on the Green Rush website:







Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

1
2
3
4
5
6
7



8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC









Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC







FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

1
2
3
4
5
6
7



8
9
10
11
12
13




14
15
16
17
18
19
20
21
22



23
24
25
26
27
28




Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

34.     With respect to the SKITTLES® Mark and Trade Dress, Plaintiffs allege that Defendants adopted and used the SKITTLES® mark in plain text and white block lettering, distinctive rainbow designs, images of candy-coated lentils with an "S" imprinted thereon, and/or a design featuring such candy lentils cascading along an upside-down rainbow, marks and trade dress that are identical to, substantially indistinguishable from, and/or imitations of the SKITTLES® Mark and Trade Dress and the marks and logos in the SKITTLES® registrations.

35.     With respect to the STARBURST® Mark and Trade Dress, Plaintiffs allege that Defendants adopted and used the "Cannaburst" mark with stylized lettering and images of square candies with a stylized "S" imprinted thereon, marks and trade dress that are identical to, substantially indistinguishable from, and/or imitations of the STARBURST® Mark and Trade Dress and the marks and logos in the STARBURST® registrations.

36.     With respect to the LIFE SAVERS® Mark and Trade Dress, Plaintiffs allege that Green Rush adopted and used images of the LIFE SAVERS® mark in plain text and stylized lettering, as well as images of the LIFE SAVERS® distinctive circular candies, marks and trade dress that are identical to, substantially indistinguishable from, and/or imitations of the LIFE SAVERS® Mark and Trade Dress and the marks and logos in the LIFE SAVERS® registrations.

37.     Plaintiffs allege that Defendants took such actions with full knowledge of, and in willful disregard of, Plaintiffs' intellectual property rights, and with the intent to take advantage of the good will that Plaintiffs have developed in the Subject Trademarks.

38.     Plaintiffs allege that Defendants' complained-of acts above constitute the following:

          a.     counterfeiting of the SKITTLES® Mark and Trade Dress, the STARBURST® Mark and Trade Dress, and the LIFE SAVERS® Mark and Trade Dress in violation of 15 U.S.C. § 1114;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

  b. infringement of the Subject Trademarks in violation of 15 U.S.C. §§ 1114 and 1125(a);

  c. dilution of the inherently distinctive and famous Subject Trademarks in violation of 15 U.S.C. § 1125(c);

  d. unfair competition and deceptive acts and practices in violation of 15 U.S.C. § 1125(a)(1)(A);

  e. unlawful, unfair, and/or fraudulent acts or business practices, including unfair, deceptive, untrue, and misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq.*;

  f. dilution of the inherently distinctive and famous Subject Trademarks in violation of California Business and Professions Code § 14247; and

  g. unfair competition and deceptive acts and practices in violation of common law.

39. Plaintiffs allege that this is an exceptional case in accordance with 15 U.S.C. § 1117.

40. Defendants deny all claims and all allegations raised in the Complaint. Nevertheless, Defendants enter into this Stipulation to resolve this matter prior to incurring additional litigation expense.  By signing this Stipulation, Defendants are not admitting to any wrongdoing alleged in the Complaint.

41. Defendants and their respective agents, servants, employees, officers, directors, members, managers, successors, assigns, attorneys, and all other persons acting in concert or in participation with or affiliated with Defendants, jointly and severally, are permanently enjoined and restrained:

  a. from directly or indirectly engaging in any trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, or deceptive business practices relating to the Subject Trademarks, including the SKITTLES® Mark and Trade Dress, the

STARBURST® Mark and Trade Dress, and the LIFE SAVERS® Mark and Trade Dress, or any other trademarks or trade dress owned by Plaintiffs;

b.      from making, manufacturing, advertising, marketing, offering, selling, or distributing any products that feature, copy, imitate, simulate, or are confusingly similar to, or are likely to dilute the distinctive nature of, or tarnish the goodwill of, the Subject Trademarks, including the SKITTLES® Mark and Trade Dress, the STARBURST® Mark and Trade Dress, and the LIFE SAVERS® Mark and Trade Dress, or any other trademarks or trade dress owned by Plaintiffs;

c.      from representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Defendants are associated with, sponsored by, licensed by, and/or connected or affiliated with Plaintiffs, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of purchasers as to the origin or licensing of Defendants' products or services;

d.      from otherwise competing unfairly with Plaintiffs in any manner or engaging in deceptive conduct;

e.      from performing and/or continuing to perform in any manner whatsoever any of the acts complained of in the First Amended Complaint as to Plaintiffs; and

f.      from causing, engaging in, or permitting others to do any of the aforesaid acts.

42.    Defendants shall immediately recall from all distribution channels any products, packaging, advertising, and promotional materials bearing or infringing on the Subject Trademarks, including the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, and LIFE SAVERS® Mark and Trade Dress, or any other trademarks or trade dress owned by Plaintiffs, to the extent any such materials exist.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

43.     Defendants shall immediately deliver to Plaintiffs' counsel for destruction any products, packaging, advertising, and promotional materials bearing or infringing on the Subject Trademarks, including the SKITTLES® Mark and Trade Dress, STARBURST® Mark and Trade Dress, and LIFE SAVERS® Mark and Trade Dress, or any other trademarks or trade dress owned by Plaintiffs, pursuant to 15 U.S.C. § 1118, to the extent any such materials exist.  Any electronic equivalents of such materials shall be immediately deleted.

44.     To the extent they have not already done so, Defendants shall immediately cease sales of the products described above on the Cannabis 420 Supply and Green Rush websites, located at https://www.cannabis420supply.com/ and https://greenrushextracts.org/, respectively, and in any other locations on the Internet, including other websites owned or operated by Defendants or any of their affiliates, and any social media platforms owned or operated by Defendants or any of their affiliates.

45.     Each of Defendants shall immediately account for and disgorge to Plaintiffs all profits wrongfully derived by their alleged unlawful conduct and pay to Plaintiffs:

a.     all monetary actual and/or statutory damages sustained and to be sustained by Plaintiffs as a consequence of Defendants' alleged unlawful conduct, including, without limitation, statutory damages in the amount of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed pursuant to 15 U.S.C. § 1117(c)(2), lost profits, and corrective advertising damages;

b.     all profits, gains, and advantages obtained by Defendants from their alleged unlawful conduct;

c.     exemplary damages, including treble damages resulting from Defendants' alleged unlawful conduct;

d.     pre-judgment interest on all damages; and

FINAL JUDGMENT BY CONSENT RE: AWAD AND GREEN RUSH EXTRACTS LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

e.      Plaintiffs' costs and disbursements in this action, including their reasonable attorneys' fees.

46.      Defendants' alleged wrongful conduct is deemed to be willful and this judgment is, therefore, non-dischargeable in the event they file for bankruptcy, pursuant to 11 U.S.C. § 523(a)(6).

47.      The Parties shall comply with the terms of the confidential settlement agreement entered into by and between the Parties and executed concurrently with their stipulation to this Final Judgment by Consent (the "Settlement Agreement"), the terms of which are incorporated herein by reference.

48.      This Final Judgment by Consent shall have no effect on any of Plaintiffs' claims against any other defendants to this action besides Defendants. Notwithstanding the foregoing, this Court shall retain jurisdiction over this action, as it relates to Defendants, to enforce this Final Judgment by Consent and the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:   __October 16__ , 2023

Hon. John W. Holcomb
United States District Judge

FINAL JUDGMENT BY CONSENT RE:
AWAD AND GREEN RUSH EXTRACTS
LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations